BROADWAY MANAGEMENT, INC., APPELLANT, *v.* GODALE, APPELLEE.

[Cite as Broadway Mgmt., Inc. v. Godale (1977), 55 Ohio App. 2d 49.]

(No. 8450—Decided July 13, 1977.)

*Mr. John A. Dailey* and *Mr. Timothy J. Enright*, for appellant.

*Mr. John H. Weiss*, for appellee.

MAHONEY, P. J.  This is an appeal from a summary judgment of the Cuyahoga Falls Municipal Court holding that a default judgment obtained by the defendant, Godale, against the plaintiff, Broadway Management, Inc., upon an account in the Portage County Municipal Court was *res adjudicata* to an action brought by Broadway against Godale based upon a breach of warranty for the same lawn mowers purchased on the account.  We affirm.

*Facts*

Godale obtained a $2,900 default judgment in the Portage County Municipal Court against Broadway on an account for the purchase of lawn mowers.  Service was had upon the statutory agent and in default of answer, a judgment was rendered.  Broadway's subsequent motion to

vacate the judgment was overruled. Broadway then commenced an original action in the Cuyahoga Falls Municipal Court against Godale seeking $7,000 in damages for breach of warranty and alleged that the mowers were not fit for their intended purpose. Godale answered and moved for a summary judgment. The trial court held that the action based upon the breach of warranty was a compulsory counterclaim to the account based upon Civ. R. 13(A). He, therefore, concluded that the default judgment was *res adjudicata* to any compulsory counterclaims.

### Assignment of Error

Broadway claims the trial court erred in granting the summary judgment. It contends that a default can only operate as an estoppel to matters which were actually in issue. Broadway argues that, since it never answered or counterclaimed, the issue was never litigated. It also argues the application of Civ. R. 13(F).

### Discussion

We hold that Civ. R. 13(A) is applicable and that the first action was *res adjudicata* to the second. Civ. R. 13(F) would only be applicable if Broadway had answered but neglected to file its counterclaim. Then it could properly seek leave to file its counterclaim. Our Supreme Court has previously held that Fed. R. Civ. P. 13 would be *res adjudicata* as to any compulsory counterclaims. *Horne* v. *Woolever* (1959), 170 Ohio St. 178. Our civil rules adopted in 1970 were patterned after the federal rules. The *Horne* case applied the rule to a case that was dismissed with prejudice. The same reasoning should apply to a default judgment. See, 3 Moores Federal Practice Section 13.12.

### Summary

We overrule the assignment of error and affirm the judgment.

*Judgment affirmed.*

BELL and VICTOR, JJ., concur.