INTERSTATE STEEL ERECTORS, INC., APPELLANT, *v.* H. & L. WOLFF, INC. ET AL., APPELLEES.

(No. 1290—Decided May 24, 1984.)

*Joel H. Feld,* for appellant.
*C. Nevada Johnson,* for appellees.

MAHONEY, J. Plaintiff-appellant, Interstate Steel Erectors, Inc., appeals a trial court order dismissing its complaint against defendants-appellees, H. & L. Wolff, Inc. and Wolff Bros. Supply, Inc., on the basis of *res judicata* and collateral estoppel. We affirm in part and reverse and remand in part.

H. & L. Wolff, Inc. ("H. & L.") is the owner of a parcel of land on which its lessee, Wolff Bros. Supply, Inc. ("Supply"), built a warehouse addition. Interstate Steel Erectors, Inc. ("Interstate") was a subcontractor of the general contractor, Controlled Construction, Inc. ("Controlled"). Interstate filed a mechanic's lien against H. & L.'s interest in the land in the amount of $18,149.50.

H. & L. filed a complaint against Interstate in the Medina County Court of Common Pleas (case No. 38316), seeking a determination that the lien was void and asking the court to quiet title as to all claims and interests of Interstate. Interstate answered but did not counterclaim against H. & L.

After case No. 38316 had commenced, Interstate filed a separate complaint in the Medina County Court of Common Pleas (case No. 38556), naming H. & L., Supply and others as defendants, seeking foreclosure of its lien against H. & L. The two cases were consolidated, and the trial court found that Interstate's lien against H. & L. (the lessor) was invalid. This court affirmed that decision. *H. & L. Wolff, Inc.* v. *Interstate Steel Erectors, Inc.* (Oct. 13, 1982), Medina App. No. 1148, unreported.

Interstate then commenced the within action against H. & L. and Supply seeking a money judgment against both defendants on a theory of unjust enrichment. Defendants moved for dismissal on the grounds of *res judicata* and collateral estoppel. The motion was granted, prompting this appeal.

Assignment of Error

"The trial court erred in granting

defendants' motion for judgment on the basis of *res judicata* and collateral estoppel."

Civ. R. 13(A) requires a defendant to assert any counterclaim which arises out of the transaction which is the subject of the complaint. Failure to assert a compulsory counterclaim pursuant to Civ. R. 13(A) constitutes *res judicata. Broadway Management, Inc.* v. *Godale* (1977), 55 Ohio App. 2d 49 [9 O.O.3d 208].

Both case No. 38316 and the instant case involve the same transaction, namely H. & L.'s failure to pay Interstate for work done on the warehouse addition. Since Interstate failed to counterclaim against H. & L., it is barred from bringing the instant case against H. & L. for unjust enrichment. Thus, the trial court properly granted H. & L.'s motion for dismissal.

In case No. 38556, Interstate attempted to foreclose on its lien against H. & L. Case No. 38556 named Supply as a defendant and asked it to set forth its interest in the property. Interstate could also have claimed against Supply on a theory of unjust enrichment pursuant to Civ. R. 18(A). However, it was not required to do so. Indeed, Interstate made no claim against Supply but rather asked Supply to indicate its interest in the property for the purpose of determining priorities in the foreclosure action. The only judgment rendered and affirmed in case No. 38556 concerned the validity of the lien against H. & L.'s interest in the property. Since no judgment was entered either for or against Supply, *res judicata* neither merges nor bars Interstate's present complaint. *Whitehead* v. *General Tel. Co.* (1969), 20 Ohio St. 2d 108 [49 O.O.2d 435]. See,

also, 1 Ohio Jurisprudence 3d (1977) 426, Actions, Section 60.

"A final judgment or decree in an action does not bar a subsequent action where the causes of action are not the same, even though each action relates to the same subject matter. However, a point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action. * * *" *Whitehead* v. *General Tel. Co., supra,* at paragraph two of the syllabus.

Supply contends that in case No. 38556 it proved that it had paid for Interstate's work. Thus, according to Supply, this fact cannot be relitigated, and Interstate cannot prove its allegations of unjust enrichment.[1] The record in case No. 38556 contains evidence tending to show that Supply paid Controlled according to the contract between Supply and Controlled and that Interstate waived its lien against Supply. However, the court did not expressly or impliedly reach this issue.

The trial court (in the earlier case) found Interstate's lien against H. & L. to be invalid. This court noted (in the prior appeal) that, in order to reach this conclusion, the trial court necessarily determined that there was no contract between Interstate and H. & L. and that H. & L. and Supply were separate entities. The value of Interstate's work, the amount paid by Supply, and the relationship between Interstate and Supply

---

[1] In order to demonstrate unjust enrichment, Interstate must prove:

(1) that it conferred a benefit upon Supply;

(2) that Supply accepted the benefit; and

(3) that it would be inequitable for Supply to retain the benefit without paying the value thereof. See 66 American Jurisprudence 2d (1973) 946, 947, Restitution and Implied Contracts, Section 4.

were irrelevant to the issue determined in the previous case. Since these facts have not been determined by a court of competent jurisdiction, the trial court in the case *sub judice* erred in granting Supply's motion for dismissal.

We overrule appellant's assignment of error concerning H. & L.'s dismissal and sustain appellant's assignment of error concerning Supply's dismissal. The portion of the trial court's judgment dismissing H. & L. is affirmed. The portion of the judgment dismissing appellant's claim against Supply is reversed and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BAIRD, P.J., and QUILLIN, J., concur.