**Margie COX, Plaintiff,**

v.

**FIRST NATIONAL BANK OF CINCINNATI, Defendant.**

**Civ. No. C–1–82–705.**

United States District Court, S.D. Ohio, W.D.

March 3, 1986.

Frank Wassermann and Phillip Broyles, Cincinnati, Ohio, for plaintiff.

Paul J. Vesper, Covington, Ky., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CARL B. RUBIN, Chief Judge.

This matter is before the Court on cross-motions for summary judgment after remand from the United States Court of Appeals for the Sixth Circuit. The Court of Appeals has directed this Court to apply to plaintiff's remaining claims the Truth in Lending Act (TILA) and Regulation Z as they existed prior to the 1980 amendments.[1]

### Background

The facts of this case are set out in this Court's Order of September 27, 1983 as well as in the Court of Appeals decision at 751 F.2d 815 (6th Cir.1985) and need not be repeated here. Only two of plaintiff's claims remain to be ruled on in light of the Court of Appeals decision. First, plaintiff claims that the contract entered into between plaintiff and Cincinnati Home Insulation and later assigned to defendant did not disclose a $400 cash down payment as required by TILA and Regulation Z. Second, plaintiff claims that the disclosure statement accompanying the contract inadequately disclosed the possibility of mechanic's and materialmen's liens in violation of TILA. For these violations, plaintiff seeks statutory damages under the presimplification version of 15 U.S.C. § 1640 and recis-

sion which, under both the presimplification and current version of 15 U.S.C. § 1635, is available in any transaction in which a security interest is retained in the consumer's residence.

### Res Judicata

Defendant now asserts that plaintiff's claim for failure to disclose the down payment in violation of TILA and Regulation Z is barred by res judicata. Defendant argues that plaintiff's claim is precluded by a judgment rendered by the Hamilton County Municipal Court in favor of First National in a breach of contract action against Cox. (*See* doc. no. 26, exhibit 2) Although Cox did not raise the TILA violation to counter the breach of contract action, First National claims that she was required to raise it or be barred by res judicata from relitigating it. *See, e.g., Stromberg v. Board of Education,* 64 Ohio St.2d 98, 413 N.E.2d 1184 (1980) (res judicata applies not only to what was determined but also to every question which might properly have been litigated in the prior case). The Court does not agree with defendant's position. The judgment obtained in the state breach of contract action does not have res judicata effect on the TILA down payment disclosure claim in the instant case.

■ The preclusive effect of a valid judgment is to be determined by the law of the system which rendered the judgment. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Duncan v. Peck,* 752 F.2d 1135 (6th Cir.1985). Thus, Ohio law controls the preclusive effect of the state court proceeding in this case.

■ The Ohio Supreme Court has held that

a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions, and facts in issue as to the parties and their privies, and is a complete bar to any subsequent

---

1. All citations herein to TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.1 *et* seq., refer to the presimplification Act and prior Regulation Z unless otherwise specified.

action on the same claim or cause of action between the parties or those in privity with them.

*Johnson's Island, Inc. v. Board of Township Trustees,* 69 Ohio St.2d 241, 431 N.E.2d 672, 474 (1982) (quoting *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67, (1943) paragraph one of the syllabus) (emphasis added).

Cox commenced her TILA action in federal court on July 16, 1982. Judgment was rendered in federal court on September 27, 1983. On January 20, 1983, First National Bank filed its breach of contract complaint in state court. Judgment in that case was entered on April 13, 1984. Since judgment was rendered first in Cox's TILA action, it is not a "subsequent action" and therefore the state court judgment has no res judicata effect on it. *Cf. Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981) (when two actions involving the same issue are pending between the same parties, the first final judgment rendered in one court becomes conclusive as res judicata). Moreover, the result is the same even though the judgment in the TILA action was appealed. *Cf. Duncan v. Peck,* 752 F.2d 1135, 1139 (6th Cir.1985) (judgment does not lose its preclusive effect until it is set aside or reversed in appeal).[2]

*Failure to Disclose Down payment*

As noted by the Court of Appeals, TILA expressly required the disclosure of a down payment. 15 U.S.C. § 1638(a)(2). In defense, First National has asserted that since it is an assignee it is not liable for damages for the failure to disclose the down payment because assignees are liable only for violations which are "apparent on the face" of the relevant document. *See* 15 U.S.C. § 1614. Although the Sixth Circuit left intact this Court's finding that failure to disclose the down payment was not apparent on the face of the disclosure statement, the Court of Appeals remanded the issue for determination of the validity of First National's defense in light of the contractual language which provided that any defense that could be asserted against the seller of goods or services could be asserted against a holder.[3]

Ohio courts have recognized the validity of such claim preservation provisions in consumer credit contracts, and allowed debtors to assert any claim or defense against the assignee of the contract that could have been asserted against the seller. *E.g., General Motors v. Grady,* slip opinion, case nos. 12006, 12007 (Summit Cty Ct. of App. October 30, 1985); *(Banc Ohio National Bank v. Cousins,* slip opinion case no. 83AP–937) (Franklin Cty.Ct. of App. May 31, 1984).

■ It is uncontested that plaintiff made a down payment of $400 to Cincinnati Home Insulation (seller) which was not itemized or disclosed in the Truth in Lending statement provided to her. This constitutes a violation of TILA and Regulation Z, 12 CFR § 226.8(c)(2), and because it is a valid claim against the seller, it is also a valid claim against the defendant/assignee by virtue of the claim preservation provision in the contract.

*Mechanic's and Materialmen's Liens*

■ Next, the Court must determine if under the presimplification Act and Regu-

---

**2.** Apart from this Court's holding that Cox's federal court action is not a subsequent action and therefore her TILA claims are not barred by res judicata, the TILA claim was never litigated in state court nor was it required to be brought as defendant asserts. Ohio R.Civ.P. 13(A) does not require that a counterclaim be stated when that claim is already the subject of a pending action. Although defendant characterizes the TILA claim as a defense it is properly characterized as a counterclaim *Cf. Broadway Management, Inc. v. Godale,* 55 Ohio App.2d 49, 378 N.E.2d 1072 (1977) (breach of warranty is a compulsory counterclaim in an action on account).

**3.** The contract provided:

Notice: Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed the amounts paid by the debtor hereunder.

lation Z, the disclosure statement adequately disclosed the possibility of mechanic's and materialmen's liens arising. The disclosure statement in the contract provided that "[t]he aforesaid real property may also be subject to construction liens under Ohio or other applicable state law."

TILA required a "description of any security interest" and a "clear identification" of the subject property. 15 U.S.C. § 1638(a)(10). Regulation Z defined the term "security interest" to include "mechanic's, materialmen's, artisan's and other similar liens." 12 C.F.R. § 226.2(gg). Moreover, the possibility of a mechanic's lien is a "security interest" which must be disclosed under TILA and Regulation Z even though a mechanic's lien may never actually be taken. *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 251 (6th Cir.1980). Thus, the statutory purpose of "meaningful disclosure" must be considered in testing the adequacy of defendant's disclosure statement. *See, e.g., Collinwood Shale, Brick and Supply Company*, 60 Ohio App.2d 91, 395 N.E.2d 907 (1978).

The subject disclosures were contained in the pre-printed retail installment contract issued by defendant and signed by plaintiff. The front of the contract contained a separate box entitled: RECORD OF TRANSACTION (including disclosures required by the Federal Truth-in Lending Act). The last sentence of item number 11(a) in that box read:

> The aforesaid real property may also be subject to construction liens under Ohio or other applicable state law.

This disclosure does not comply with the minimum requirements for disclosure of a mechanic's lien set out in *Rudisell v. Fifth Third Bank*, 622 F.2d at 251. "The creditor should at least disclose that a mechanic's lien may arise and cite the applicable provisions of the Ohio statutes." *Id.* Defendant's failure to cite any Ohio Statute governing mechanic's or materialmen's liens renders the disclosure statement inadequate.

### Remedies

■ TILA provides for statutory penalties equal to twice the finance charge, not to exceed $1,000, if the creditor fails to disclose any information required under TILA. 15 U.S.C. § 1640(a)(2). Since the finance charge in this transaction exceeded $1,000, plaintiff is entitled to damages in the amount of $1,000 for these disclosure violations.[4]

■ Defendants disclosure violations also give plaintiff the right to rescind the contract. 15 U.S.C. § 1635; *Rudisell v. Fifth Third Bank*, 622 F.2d at 252. Because rescission is an equitable remedy and its purpose is to return the parties as nearly as possible to the positions they were in before they entered the transaction, the Court may condition the return of monies to the debtor upon the return of property to the creditor. *See Rudisell*, 622 F.2d at 254.

■ In the present case, plaintiff received certain improvements to her home. Since she is unable to return what she actually received, she should tender the reasonable value of these improvements to defendant. Upon tender by plaintiff of the reasonable value of the improvements, defendant is directed to return all monies paid by plaintiff to defendant pursuant to the contract. Plaintiff is also entitled to reasonable attorneys fees and costs under 15 U.S.C. § 1640(a)(3) and defendant is hereby ordered to pay such fees.

Because there is nothing in the record to establish the fair market value of the improvements received by plaintiff, this matter is hereby referred to the United States Magistrate to make determinations of the fair market value and of reasonable attorneys fees.

IT IS SO ORDERED.

---

4. Plaintiff argues that failure to disclose the downpayment and failure to disclose the possibility of mechanics liens are separate violations and give rise to double recovery under § 1640(a). However, § 1640(g) specifically limits plaintiffs to a single recovery under these circumstances.