**OSBORN COMPANY, Appellant,**

v.

**DEPARTMENT OF ADMINISTRATIVE SERVICES et al., Appellees.**

[Cite as *Osborn Co. v. Ohio Dept. of Adm. Serv.* (1992), 80 Ohio App.3d 205.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1452.

Decided May 21, 1992.

*Gallagher, Sharp, Fulton & Norman* and *Ernest W. Auciello, Jr.*, for appellant.

*Lee Fisher*, Attorney General, and *Peter DeMarco*, Assistant Attorney General; *Ulmer & Berne* and *Thomas L. Rosenberg*, for appellees.

———————

JOHN C. YOUNG, Presiding Judge.

This action was commenced on February 25, 1989, when appellant, the Osborn Company, filed a complaint in the Ohio Court of Claims. The complaint sought payment on written contracts in the amount of $33,093.01 and raised claims of breach of contract, unjust enrichment and estoppel. On April 17, 1989, appellees, Department of Administrative Services ("DAS"), and Youngstown State University ("YSU"), filed an answer. On May 19, 1989, the trial court stayed proceedings in order to permit the Common Pleas Court of Mahoning County to reach a resolution of a related case entitled *Youngstown State Univ. v. A.P. O'Horo Co.*, case No. 88–CV–1915.

The trial court lifted the stay of proceedings on September 25, 1991 and appellees moved for summary judgment based upon the affidavit of Edmund Salata. Appellant opposed the motion and attached the affidavit of Dale Swearingen. On November 15, 1991, the trial court granted appellees' motion for summary judgment.

Thereafter, appellant appealed to this court and raises the following two assignments of error:

"Plaintiff's action for breach of contract did not accrue until payment was refused by the state and the trial court erred by using the date of the contract in granting summary judgment based on the statute of limitations.

"The trial court erred in granting summary judgment when the record contained no evidence that plaintiff's claim accrued more than two years prior to the commencement of this action."

Appellant's assignments of error are interrelated and will be addressed together. Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the parties opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

The moving party has the burden of showing that there is no genuine issue as to material fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show genuine issue for trial. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

The relationship between these parties arose in 1978 when appellees hired appellant to provide architectural and engineering services for improvements at YSU. One project involved the design and construction of an All Sports Complex on the campus. Design and construction of the All Sports Complex occurred during 1978 to 1983. Towards the end of construction, problems developed with water infiltration from the seating deck of the football stadium through the roof into the classrooms and gymnasiums located below. Negotiations took place between the parties and contractors were consulted to resolve the problem. Eventually, litigation was begun in the Mahoning County Common Pleas Court in an effort to resolve the issue of damages. The litigation was settled in September 1991.

In the present case, the trial court concluded that any complaints by appellant on its original contracts were barred by the two-year statute of limitations found in R.C. 2743.16. Attached to appellees' motion for summary judgment was the affidavit of Edmund J. Salata, Executive Director of University Facilities for YSU. Pursuant to his affidavit, Salata stated that all services requested of appellee were completed no later than 1984 or 1985. Appellant attached to its memorandum in opposition to appellees' motion for summary judgment the affidavit of Dale Swearingen, a principal of appellant. Swearingen stated that, on April 28, 1986, he met with the state architect to review and discuss appellant's claim for additional fees arising from the projects from YSU. Prior to that date, Swearingen stated that the state had not approved or disapproved appellant's claim and had only made requests for further information. Appellant also attached a letter dated May 27, 1987 from the Office of the Attorney General. Swearingen stated that this letter was the first indication that appellant received indicating that appellees were rejecting appellant's claim for fees.

Pursuant to R.C. 2743.16, any civil action brought against the state, as permitted by R.C. 2743.01 to 2743.20, shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period which is applicable to similar suits between private parties. Under Ohio law, a cause of action to recover money allegedly wrongfully withheld

accrues when the money is actually withheld. *Children's Hosp. v. Dept. of Public Welfare* (1982), 69 Ohio St.2d 523, 23 O.O.3d 452, 433 N.E.2d 187.

In the present case, appellees argue that the date at which time the action accrued was 1983, the date that the All Sports Complex was first open for use. On the other hand, appellant argues that work was still being performed on the All Sports Complex even though it was open for use and that the cause of action did not accrue until 1987 when appellant received the letter from the Office of the Attorney General which indicated that appellees were attempting to determine which companies were responsible for the water damage so that those companies could bear the expense of repairs.

Construing the evidence most strongly in favor of appellant, this court finds that the trial court improperly granted summary judgment in favor of appellees. Although the All Sports Complex was open for use in 1983, appellees also indicated that the water infiltration problem began before the complex was open for use. At that time, appellant was being provided the opportunity to make repairs and correct the problem. Appellees did not present any evidence indicating that appellant had submitted a claim for fees which had been denied. Therefore, a question of fact exists as to what date appellee actually denied appellant's claims for fees.

Accordingly, appellant's arguments are well taken and the first and second assignments of error raised by appellant are sustained.

However, appellees have raised the issue that appellant's complaint filed in the Ohio Court of Claims should have been filed as a compulsory counterclaim to the action filed in the Mahoning County Court of Common Pleas. If appellees were correct, appellant's failure to assert that compulsory counterclaim would be a bar to any subsequent attempt to pursue the same by application of the doctrine of *res judicata.*

Civ.R. 13(A) provides, in pertinent part, as follows:

"(A) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.  * * * "

The action filed in the Mahoning County Court of Common Pleas was an action filed by appellees against appellant and the A.P. O'Horo Company for damages to the All Sports Complex. It was incumbent upon appellant to assert or state any counterclaim that it had against appellees if that counterclaim (1) arose out of the transaction or occurrence that was the subject

matter of appellees' complaint, and (2) did not require additional parties over whom the court could not acquire jurisdiction.

In *Geauga Truck & Implement Co. v. Juskiewicz* (1984), 9 Ohio St.3d 12, 9 OBR 61, 457 N.E.2d 827, defendant purchased a tractor-trailer from plaintiff, which quickly developed engine problems. While plaintiff was repairing the truck, defendant sued plaintiff for breach of warranty. Final judgment for defendant was rendered against plaintiff on May 16, 1980. One year later, plaintiff sued defendant for the cost of the repairs to the truck that were made during the pendency of the prior suit. Defendant answered claiming plaintiff's complaint was barred by the doctrine of *res judicata* in that the complaint was a Civ.R. 13(A) compulsory counterclaim which should have been raised in the prior proceeding. The trial court held that the truck repairs constituted a "subsequent transaction or occurrence" within the meaning of Civ.R. 13(A) and granted plaintiff judgment and the appellate court affirmed. In reversing both lower courts, the Ohio Supreme Court broadly construed both the "subject matter" and the "transaction or occurrence" language of Civ.R. 13(A) and cited a number of federal decisions interpreting the identical language of Fed.R.Civ.P. 13(a). The court was also persuaded by the fact that plaintiff was aware of the claim either prior to or on the date that plaintiff had filed its answer in the previous action.

In construing Fed.R.Civ.P. 13(a), the United States Court of Appeals for the Seventh Circuit reviewed numerous federal decisions and concluded:

"Courts generally have agreed that the words 'transaction or occurrence' should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a). * * * The purpose of the rule is to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. * * * As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. * * * Thus, the term 'transaction' is to be construed generously to avoid the unnecessary expense inherent in multiplicity of litigation. * * * " *Warshawsky & Co. v. Arcata Natl. Corp.* (C.A.7, 1977), 552 F.2d 1257.

The "logical relationship" between the subject matter of a complaint and potential counterclaim has long been recognized by the federal courts as significant in determining whether such counterclaim is compulsory. "We have indicated that a counterclaim is compulsory if it bears a logical relationship to an opposing party's claim." *Great Lakes Rubber Corp. v. Herbert Cooper Co.* (C.A.3, 1961), 286 F.2d 631, 634. This court must necessarily

determine whether there exists any "logical relationship" between appellant's claims for fees and the action filed in Mahoning County.

The record indicates that the action filed in the Mahoning County Court of Common Pleas was an action filed by appellees to seek both repairs to and reimbursement for the damages caused by the leaking of water into the All Sports Complex. Appellant's complaint in the Ohio Court of Claims is for fees owed to appellant on certain contracts with appellees. Obviously, any amount of money due and owed to appellant on the contracts would be offset by any amount of money demonstrated to have been owed by appellant to appellees for the repair of damages due to the leakage of water into the All Sports Complex. Clearly, these two actions are logically related and appellant should have raised this matter by way of a compulsory counterclaim in the action filed in the Mahoning County Court of Common Pleas.

Failure to assert a compulsory counterclaim is a bar to any subsequent attempt to pursue same by application of the doctrine of *res judicata*. *Interstate Steel Erectors, Inc. v. H. & L. Wolff, Inc.* (1984), 17 Ohio App.3d 173, 17 OBR 304, 478 N.E.2d 245; *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 536 N.E.2d 22; *Broadway Mgt., Inc. v. Godale* (1977), 55 Ohio App.2d 49, 9 O.O.3d 208, 378 N.E.2d 1072. Therefore, appellant is barred from bringing an action against the appellees herein and, although the trial court improperly dismissed his action by way of granting summary judgment in favor of appellees, nevertheless appellant's action was properly dismissed for the reasons indicated in this opinion.

Based upon the foregoing, appellant's first and second assignments of error are sustained. Nevertheless, appellant failed to meet the requirements of Civ.R. 13(A) by filing the present cause of action as a compulsory counterclaim in the action filed in the Mahoning County Common Pleas Court. Inasmuch as appellant's failure to file its claims as a compulsory counterclaim, appellant's complaint filed in the Ohio Court of Claims was barred by the doctrine of *res judicata*. Therefore, the judgment of the Ohio Court of Claims dismissing appellant's complaint must be affirmed.

*Judgment affirmed.*

McCormac and Tyack, JJ., concur.