TOMKO, Appellee,

v.

LANDMARK PROPERTIES, INC. et al., Appellants.

LANDMARK PROPERTIES, INC. et al., Appellants,

v.

TOMKO, Appellee.

[Cite as *Tomko v. Landmark Properties, Inc.* (1996), 113 Ohio App.3d 158.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 69352 and 69432.

Decided July 29, 1996.

*Stanley E. Stein & Assoc. Co., L.P.A.,* and *Stanley E. Stein,* for appellee.

*Major & Associates* and *James L. Major,* for appellants.

O'DONNELL, Judge.

Two matters have been consolidated for review on this appeal. In the first, Landmark Properties, Inc. appeals a $749 judgment of the Cleveland Municipal Court entered in favor of Michael Tomko, its former employee, for work he performed pursuant to a cleaning contract. In the second, Landmark Management Company appeals from a judgment of the common pleas court which dismissed its complaint against Tomko for damages to its property.

On November 4, 1994, Landmark employee Ralph Boltz hired Tomko to clean a building located at 408 West St. Clair Avenue in Cleveland on a part-time basis for $350 per week. During the course of Tomko's employment Claudia Madden began to supervise his work. The relationship between Madden and Tomko deteriorated as she became increasingly dissatisfied and ultimately demanded his fulltime presence at the building. In mid-January 1995, Tomko obtained a work order from Boltz to work at the building through January 27, 1995 for $749.

Landmark eventually terminated Tomko and at the end of January, refused to pay him the $749 due to alleged substandard work and damage to the building carpeting. Tomko filed suit in the Cleveland Municipal Court, seeking payment of $2,000. The municipal court referee who listened to the evidence recommended a judgment for Tomko in the amount of $749. On May 8, 1995, the trial court approved and confirmed the referee's report and rendered judgment for Tomko in that amount. Landmark had objected to the referee's report; however, the trial court overruled the objections and ordered the May 8, 1995 judgment to remain in full force and effect.

On April 6, 1995, Landmark Management Company sued Tomko in common pleas court, alleging that he had negligently caused $20,000 damage to Landmark's carpeting by applying a concentrated cleaning deodorizer, which was only to be mixed with water and applied to noncarpeted surfaces. Tomko filed a motion to dismiss the complaint, alleging that the claim constituted a compulsory counterclaim to the action in municipal court. Landmark Management filed a brief in opposition to the motion, but on July 13, 1995, the trial court granted Tomko's motion to dismiss.

The two Landmark entities now appeal and assign two errors for our review.

The first assignment of error states:

"The trial court committed reversible error when it dismissed plaintiff/appellant Landmark Management's complaint."

Appellants argue that the trial court erred in dismissing Landmark Management's complaint on the basis of *res judicata* because Landmark Proper-

ties and Landmark Management are different entities and also because the claim by Landmark Management did not rise to the level of a compulsory counterclaim.

Conversely, Tomko argues that the trial court properly dismissed the Landmark Properties complaint because Landmark's claims constituted compulsory counterclaims to the action in Cleveland Municipal Court and are therefore barred in a second action. Tomko further argues that appellants' assertion that Landmark Properties and Landmark Management are two separate entities was not raised in the trial court and, therefore, cannot be raised on appeal.

The issue, then, for our consideration is whether the trial court erred in dismissing the action.

■ Initially, we note that an issue not raised in the trial court need not be considered on appeal. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 574 N.E.2d 457. Thus, we need not address appellants' argument that Landmark Management and Landmark Properties constitute different entities because Landmark did not raise the issue in the trial court. However, we need not dispose of the *res judicata* issue on this procedural technicality because Landmark Management admitted in its complaint in common pleas court that it hired Tomko to clean its building whereas Landmark Properties likewise admitted in its App.R. 9(C) statement from the municipal court case that it had hired Tomko to clean its building. Thus, for purposes of this appeal, we consider Landmark Properties and Landmark Management to constitute the same entity.

■ With that understanding in mind, we consider the substance of this assignment of error, that is, whether the property damage claim constituted a compulsory counterclaim to the action in municipal court. A determination of the compulsory counterclaim issue is critical to a resolution of this appeal because a party's failure to assert a compulsory counterclaim is a bar to any subsequent attempt to pursue the claim by application of the doctrine of *res judicata.* *Osborn Co. v. Ohio Dept. of Adm. Serv.* (1992), 80 Ohio App.3d 205, 608 N.E.2d 1149. See, also, *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 536 N.E.2d 22; *Interstate Steel Erectors, Inc. v. H. & L. Wolff, Inc.* (1984), 17 Ohio App.3d 173, 17 OBR 304, 478 N.E.2d 245.

Civ.R. 13(A) addresses compulsory counterclaims and provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * *"

In *Rettig Ent., Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99, the Ohio Supreme Court utilized the "logical relation" test to determine whether claims arise out of the same transaction or occurrence and held at paragraph two of its syllabus:

"The 'logical relation' test, which provides that a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts, can be used to determine where claims between opposing parties arise out of the same transaction or occurrence."

In this case, Landmark explained in municipal court that it refused to pay Tomko because he performed substandard work and because Tomko allegedly stained its carpet. Although Landmark made this argument in the municipal court action, it did not file a counterclaim for the damage. Instead, Landmark filed a separate action in common pleas court alleging the same damage to carpeting it advanced in the municipal court. Applying the "logical relation" test to the facts of this case, we conclude that Landmark's claim for property damage arose out of the same transaction or occurrence as Tomko's claim against Landmark for money owed for cleaning the property. Thus, Landmark's property damage claim constitutes a compulsory counterclaim in the municipal court action; therefore, because Landmark failed to raise the counterclaim in municipal court, the doctrine of *res judicata* bars its attempt to thereafter pursue the claim in common pleas court. Accordingly, the common pleas court properly dismissed the action, and the first assignment of error is overruled.

The second assignment of error states:

"The trial court committed reversible error when it awarded appellee full damages."

Landmark contends that the trial court erred in awarding full damages to Tomko because there was no express contract between Landmark and Tomko for which he could seek full payment and because the award of damages was against the manifest weight of the evidence.

Tomko argues that the trial court did not err in awarding damages because the court based its decision on competent and credible evidence.

The issue, then, for our determination is whether the trial court erred in awarding Tomko $749.

In considering this assignment of error, we are mindful of the Ohio Supreme Court's syllabus in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

Therefore, when the record contains evidence to support the court's findings, an appellate court must not substitute its judgment for that of the trial court. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.

In this case, the municipal court record contains, *inter alia,* the App.R. 9(C) statement filed by Landmark and which the trial court approved when Tomko filed no written objections, as well as the report of the referee who initially heard the matter.

The App.R. 9(C) statement points out that Tomko did not work the last three days for which he sought to be paid and that he damaged Landmark's property. However, the referee's report points out that Madden required Tomko's presence at the work site for eight hours per day, a circumstance different from the initial scope of his hiring by Boltz. Additionally, the referee reported that Tomko obtained a work order from Boltz to work through January 27, 1995 for $749, and that Landmark supplied the materials which allegedly stained the carpet. Furthermore, the referee concluded that the dispute over the scope of Tomko's work should be resolved in Tomko's favor because Boltz and Madden had presented inconsistent testimony on the matter and Tomko had not created the change in circumstances of supervision.

Based on the foregoing evidence, we conclude the record contains competent, credible evidence to support the trial court's judgment, and, therefore, we will not substitute our judgment for that of the trial court. Accordingly, the trial court did not err in awarding Tomko $749 and the second assignment of error is overruled.

*Judgment affirmed.*

SPELLACY, C.J., and NAHRA, J., concur.