JOURNAL ENTRY and OPINION
This is an appeal from an order of Judge Burt W. Griffin that granted summary judgment in favor of appellee Cuyahoga Supply Tool, Inc., (Cuyahoga Supply) on the counterclaims of appellant Terrence Kilbane based upon the doctrine of res judicata. In this action in foreclosure, Kilbane asserted that Cuyahoga Supply had previously obtained a default judgment against him on an account that was based upon a forged credit application. He claims it was error to preclude his counterclaims arising out of that earlier action. We affirm in part and dismiss in part.
The record shows that Cuyahoga Supply obtained a default judgment against Kilbane and filed the present action on February 23, 1996, seeking to foreclose on a judgment lien it had recorded upon Kilbane's personal residence. See, Cuyahoga Supply Tool, Inc. v. Kilbane Cuyahoga County Common Pleas Case No. 266558. affirmed (Mar. 12, 1998), Cuyahoga App. No. 71672, unreported. In that previous action, filed March 3, 1994, Cuyahoga Supply attached copies of invoices it claimed were outstanding, seeking to recover from both Edward Kilbane Sons Masonry Co. and Kilbane, individually, the sum of $15,684.71 plus interest at a rate of one and one-half percent from May 25, 1993. Neither Kilbane Sons nor Kilbane appeared in the action after service of process and, upon Cuyahoga Supply's motion, Judge Michael Gallagher entered a default judgment against the corporation on May 3, 1994 and against Kilbane individually on December 16, 1994.
In July 1996, about five months after Cuyahoga Supply filed the present action, both the corporation and Kilbane filed motions for relief from judgment. In an affidavit attached to each motion, Kilbane averred that the corporation purchased building supplies from Cuyahoga Supply but that the amount due fell between $2,000 and $3,000, rather than $15,684.71. He also claimed that: (1) he never signed a credit application in his individual capacity; (2) the signatures on the credit application and invoices were forgeries; (3) he did not seek legal representation sooner because Cuyahoga Supply led him to believe the suit would be dismissed; (4) he did not know that Cuyahoga Supply had filed motions for default judgment and; (5) he immediately contacted his attorney when Cuyahoga Supply filed a complaint in foreclosure. In denying the motions for relief from judgment, the judge concluded that Kilbane's allegations of forgery were unsubstantiated and that no one denied receipt of the goods.
Through the first appeal to this court, Kilbane Sons and Kilbane claimed that the judge erred in denying their request for relief from judgment under Civ.R. 60(B). We affirmed the decision, concluding that they did not satisfy their burden of showing operative facts that may constitute a meritorious claim or defense. Cuyahoga Supply Tool, Inc. v. Kilbane (Mar. 12, 1998), Cuyahoga App. No. 71672, unreported. We also noted inter alia that Kilbane Sons contended that the invoices evidencing receipt of merchandise had forged signatures and that Kilbane claimed that the credit application, which served as the basis of his individual liability, likewise contained a forged signature. Assuming the mere allegations of fraud sufficiently demonstrated the existence of a meritorious defense, we concluded that they were insufficient to support the conclusion that Cuyahoga Supply had perpetrated a fraud upon the court pursuant to Civ.R. 60(B)(5). We also concluded that Kilbane's allegation that Cuyahoga Supply relied on forged documents in order to obtain a default judgment against them constituted inter partes fraud for which relief under Civ.R. 60(B)(3) was more appropriate. Because a motion seeking relief under Civ.R. 60(B)(3) must be filed within one year, we concluded that Kilbane Sons and Kilbane had failed to demonstrate they were entitled to relief under that rule.
On September 11, 1998, six months after our decision and after various extensions of time, Kilbane filed his answer to the allegations in the present foreclosure action, counterclaims against Cuyahoga Supply and third-party claims against Christopher Muzzin, an alleged officer and shareholder of Cuyahoga Supply.[1] Kilbane alleged that his purported signature on the credit application was a forgery, that Cuyahoga Supply and Muzzin knew the signature was not genuine, that they lied to the judge to obtain a default judgment against him and to otherwise prevail on Kilbane's motion for relief from judgment, and that they conspired to defraud both him and the court. He attached to the complaint a letter dated June 17, 1997, in which Harold F. Rodin, a certified document examiner, opined that, based upon a reasonable degree of scientific certainty, the signature on the credit application purporting to be that of Kilbane was not a genuine signature and that he would testify as to the same.
On November 2, 1998, Cuyahoga Supply filed its motion to dismiss the counterclaims and, on December 9, 1998, Kilbane filed his response. In its brief, Cuyahoga Supply argued that the counterclaims were compulsory counterclaims because they arose out of the same transaction which gave rise to the action on the account filed in 1994. Because Kilbane should have asserted these counterclaims in 1994 but failed to do so, the doctrine of res judicata precluded him from now doing so in the foreclosure action.
In his response, Kilbane asserted that he did not know of the existence of the credit application until mid-1996, after entry of the default judgment. As a result, he claimed, he could not have asserted the counterclaim at the time Cuyahoga Supply filed the 1994 action and was denied the opportunity to fully and vigorously litigate his claims of fraud and conspiracy to defraud. Therefore, he contended, res judicata did not apply to preclude his counterclaims.
On December 22, 1998, the judge sua sponte converted the motion to dismiss into a motion for summary judgment and provided the parties with an opportunity to supplement their briefs. On July 1, 1999, after various grants of extensions of time, Kilbane filed his supplemental response in which he asserted that his defense of the summary judgment motion was impossible because Cuyahoga Supply had not responded to discovery requests nor had witnesses appeared for scheduled depositions.
In an opinion of August 4, 1999, the judge granted summary judgment in favor of Cuyahoga Supply and concluded that the counterclaim involve[d] a matter that could have been determined in the prior action.
 Indeed, this allegation and defense could have been and should have been alleged when [Kilbane] received [Cuyahoga Supply's] original complaint in March of 1994. [Kilbane] was aware of the nature of the complaint levied against him and could have answered at that time where [sic] he would have learned of the alleged forgery and been able to raise it as a defense. However, defendant, although duly served with the complaint, did not answer the complaint, did not respond to plaintiff's counsel, did not attend any of the court hearings, and finally did not attend the default hearing.
In addition, the allegations of forgery were logically related to Cuyahoga Supply's complaint on account, since the complaint was based upon the invoices and credit application that Kilbane asserted were forgeries. The judge determined that the counterclaims were compulsory counterclaims which should have been litigated in the previous action and, therefore, were barred by the doctrine of res judicata from disposition in the present action. The judge dismissed the counterclaims with prejudice, provided that there was no just reason for delay under Civ.R. 54(B), and referred the matter to a magistrate for further proceedings.
Kilbane's first assignment of error states:
 I. THE TRIAL COURT ERRED WHEN IT ENTERED SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF CUYAHOGA SUPPLY ON THE GROUND OF RES JUDICATA DESPITE PLAINTIFF'S WAIVER OF THE AFFIRMATIVE DEFENSE OF RES JUDICATA.
Kilbane argues that, because Cuyahoga Supply did not specify res judicata as an affirmative defense in an answer to his counterclaim and only asserted it in a motion to dismiss under Civ.R. 12(B), it waived such a defense. Cuyahoga Supply counters this argument, asserting that the doctrine of res judicata may be asserted in a motion for summary judgment.
Kilbane did not assert this issue below. It is fundamental that a reviewing court need not consider any issues that could have been raised in the trial court, but were not. Thomas Steel, Inc. v. Wilson (1998),127 Ohio App.3d 96, 105, 711 N.E.2d 1029, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317-318,436 N.E.2d 1001, 1003-1004; Varisco v. Varisco (1993), 91 Ohio App.3d 542,545, 632 N.E.2d 1341, 1342-1343. Because the judge did not have an opportunity to address this issue, we need not address this assignment of error but will do so to clarify any misunderstanding.
Kilbane's argument is without merit. In part, Civ.R. 8(C) provides that, [i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * * and any other matter constituting an avoidance or affirmative defense. While Civ.R. 8(C) generally relates to the method of pleading affirmative defenses, Civ.R. 12 relates to the method of presentation of defenses, by pleading or motion. Divisions (A)(2) and (B) of Civ.R. 12 contemplate that a party served with a cross-claim or counterclaim first may file a responsive motion rather than a responsive pleading. Division (B) further provides that [n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.
Cuyahoga Supply, while it did not file an answer to the counterclaims, did not waive the affirmative defense of res judicata by failing to include it in a responsive pleading; rather, it raised it by asserting it in a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Cf. Civ.R. 12(G) (requiring a party making a motion under Civ.R. 12 to join with it the other motions herein provided for and then available to him otherwise he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule). The first assignment of error is overruled.
The second assignment of error states:
 II. THE TRIAL COURT ERRED WHEN IT DISMISSED DEFENDANT TERRENCE KILBANE'S COUNTERCLAIM ON THE GROUND OF RES JUDICATA SINCE THE ISSUE RAISED IN THE COUNTERCLAIM WAS NOT LITIGATED AND DETERMINED IN THE PRIOR ACTION.
Kilbane claims here that the counterclaims are not barred by the doctrine of collateral estoppel because the issue of whether the credit application was forged was never litigated or determined in the action on the account. He claims that the summary resolution of issues permitted under a Civ.R. 53 motion for default judgment cannot be confused with the actual determination of issues for collateral estoppel purposes. Applying the doctrine in this case, he argues, results in a grave injustice. Cuyahoga Supply submits there was no error in finding that Kilbane's counterclaims were compulsory counterclaims and in applying the doctrine of res judicata to bar the claim.
The term res judicata encompasses the concepts of claim preclusion (traditionally referred to as res judicata) and issue preclusion (traditionally referred to as collateral estoppel). Holzemer v. Urbanski (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713. The Supreme Court has adopted an expansive definition of claim preclusion: "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Stated differently, `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.' Holzemer, 86 Ohio St.3d at 133, quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387,1388; Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62,558 N.E.2d 1178, 1180; Grava, 73 Ohio St.3d at 382.
Civ.R. 13(A) incorporates the concept of claim preclusion to what it deems a compulsory counterclaim. Tomko v. Landmark Properties, Inc. (1996), 113 Ohio App.3d 158, 161, 680 N.E.2d 678, citing Osborn Co. v. Ohio Dept. of Adm. Serv. (1992), 80 Ohio App.3d 205, 608 N.E.2d 1149; Papadelis v. First American Sav. Bank (1996), 112 Ohio App.3d 576, 580,679 N.E.2d 356. In pertinent part, the rule provides:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. [Emphasis added.]
Civ.R. 13(A). The rule requires that [a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit * * *, no matter which party initiates the action. Rettig Enterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274,626 N.E.2d 99, paragraph one of the syllabus. To determine whether the claims arise out of the same transaction or occurrence, the courts apply the logical relation test: a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Id. at paragraph two of the syllabus; accord Papadelis, 112 Ohio App.3d at 580. Where a cause of action does not arise out of the transaction or occurrence that is the subject matter of the underlying claim, but instead arises from the events that occur during the course of the underlying litigation, that cause of action is not a compulsory counterclaim. Papa delis, supra, citing Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994),68 Ohio St.3d 294, 299, 626 N.E.2d 115, 119 (a claim for abuse of process not a compulsory counterclaim which must be brought in the underlying litigation).
Kilbane is correct that the doctrine of collateral estoppel (issue preclusion) does not apply to the instant case but, nevertheless, the doctrine of res judicata (claim preclusion), as incorporated in Civ.R. 13(A), bars him from litigating his counterclaims in the present foreclosure action. While he claims he was unaware of the existence of his fraud-based causes of action until after the default judgment was entered, he admitted he knew about the action on account which Cuyahoga Supply purportedly had based upon the allegedly forged credit application. His present claims for damages are also based upon the credit application and would have provided a defense in the previous matter. As such, his counterclaims involve a substantial duplication of effort and time by the parties and the courts. Finally, we also note that Civ.R. 13(A) has been applied to matters previously determined by default judgment. Broadway Mgmt., Inc. v. Godale (1977), 55 Ohio App.2d 49, 50,378 N.E.2d 1072. The second assignment of error is overruled.
The third assignment of error states:
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT KILBANE'S MOTION TO COMPEL DISCOVERY OF EVIDENCE RELATED TO THE EQUITABLE DEFENSE THAT PLAINTIFF HAS UNCLEAN HANDS.
Because the motion to which Kilbane refers deals directly with his defense in the foreclosure action, not his counterclaims, it is not subject to our review because that order does not fit the definition of final order under R.C. 2505.02(B): it does not determine the action or prevent a judgment, involve a special proceeding or summary application in an action after judgment, vacate or set aside a judgment, grant a new trial, involve a provisional remedy, or determine whether an action may or may not be maintained as a class action. See Lightbody v. Rust (Apr. 20, 2000), Cuyahoga App. 75460, unreported. Therefore, this portion of his appeal is dismissed because it is not subject to our review. R.C.2505.03.
Judgment affirmed in part and dismissed in part.
It is ordered that appellee and appellant share the costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J. AND PATRICIA A. BLACKMON, J., CONCUR
[1] He also stated claims against John Doe, name and address unknown, but failed to otherwise join the proper party within one year as provided by Civ.R. 3(A); see, also, Civ.R. 15(D).