SOUTH EUCLID FRATERNAL ORDER OF POLICE, LODGE 80, ET AL., APPELLEES, *v.* D'AMICO, MAYOR, ET AL., APPELLANTS.

(No. 43845—Decided April 8, 1982.)

*Mr. Joseph W. Diemert, Jr.,* for appellees.

*Mr. Earl T. Longley* and *Mr. Peter P. Lograsso,* for appellants.

CORRIGAN, J. This appeal arises from the judgment of the court of common pleas declaring South Euclid Ordinance 49-80 invalid.

On March 12, 1981 appellees, as members of unions representing police and fire department employees, brought a declaratory judgment action to contest the validity of Ordinance 49-80 (hereinafter the Ordinance). Further, appellees

requested a preliminary injunction and temporary restraining order. The challenged Ordinance amended sections of the city's ordinances which set forth guidelines and directives for the use of sick leave benefits for city employees.

Appellees filed a brief in support of their motion for a preliminary injunction, and on March 23, the court ordered the city to respond to this motion. Appellants responded by filing a motion pursuant to Civ. R. 12(B)(6) requesting that the court dismiss for failure to state a claim upon which relief can be granted. Appellees filed a brief in opposition to this motion, and a hearing was held on the motion for a preliminary injunction on April 3, 1981. The trial court apparently converted the Civ. R. 12(B)(6) motion into a motion for summary judgment and thereby declared the Ordinance invalid on April 24, 1981.

From this judgment, appellants filed this timely appeal, asserting the following three assignments of error:

"I. The trial court committed reversible error when it used a declaratory judgment action to render an advisory opinion on an issue over which no case or controversy was shown to exist.

"II. The trial court committed reversible error when it denied the appellants their right to present a defense by granting judgment for the appellees when ruling on appellants' motion to dismiss for failure to state a claim upon which relief could be granted.

"III. The trial court erred in concluding that Ordinance 49-80 is unconstitutional on its face."

## I

Appellants' first assignment of error charges that the court lacked jurisdiction because appellees did not present a concrete justiciable controversy. Specifically, appellants argue that the complaint merely alleged that appellees would be affected in some future abstract manner, and thus failed to invoke the court's jurisdiction over an actual case or controversy.

We disagree with appellants' argument for two reasons. First, we find that the complaint successfully invoked the court's jurisdiction by averring that appellees have or will incur loss of income and demanding damages in the amount of such loss. Secondly, R.C. 2721.03 allows for such a suit to determine the validity of a municipal ordinance. The statute provides:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Since appellees' rights are "affected" by a municipal ordinance, they may have the validity of such ordinance determined.

Therefore, appellees successfully invoked the court's jurisdiction and the first assignment of error is overruled.

## II

The second assignment of error charges that the court denied appellants' right to present a defense by granting judgment for appellees when ruling on appellants' motion to dismiss. Appellees, on the other hand, contend that the court treated the motion to dismiss as a motion for summary judgment and notified appellants through the court's journal entry of April 3rd.

The factual authority for the trial court's judgment rested on the supporting exhibits submitted by appellees which set forth the revised Ordinance and pertinent state provision regarding sick leave benefits of public employees, matters out-

side the complaint. When a motion to dismiss under Civ. R. 12(B)(6) is founded on matters outside the pleadings, the trial court is obligated "to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56." *Carter* v. *Stanton* (1972), 405 U.S. 669, 671. In such event, the rule expressly provides that "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

"Reasonable opportunity" requires some clear form of notice to the parties of the court's intention to treat the Civ. R. 12(B)(6) motion as one for summary judgment. This holding finds support in a number of federal court decisions, including *Dale* v. *Hahn* (C.A. 2, 1971), 440 F.2d 633, in which the court declared:

"It seems fair to include within the term 'reasonable opportunity' some indication by the court to 'all parties' that it is treating the 12(b)(6) motion as a motion for summary judgment." *Id.* at 638.

Further, the Fourth Circuit addressed this issue in *Davis* v. *Zahradnick* (C.A. 4, 1979), 600 F.2d 458, and concluded:

"The term 'reasonable opportunity' in Rule 12(b) embraces the requirement that the court give some notice to all parties that it is treating the 12(b)(6) motion as one for summary judgment. *Plante* v. *Shivar,* 540 F.2d 1233, 1235 (4th Cir. 1976); *Johnson* v. *RAC Corp.,* 491 F.2d 510, 513-14 (4th Cir. 1974); C. Wright & A. Miller, Federal Practice and Procedure § 1366 at 683 (1969)." *Id.* at 460.

The court in *W.D.G. Inc.* v. *Mutual Mfg. & Supply Co.* (Franklin App. 1976), 5 O.O.3d 397, 398, found:

"At no time did the trial court make any express determination to treat the motion to dismiss as a motion for summary judgment or to follow the procedures provided in Civ. R. 56; specifically, no date for hearing or for plaintiffs to file contra affidavits being set by the court."

Moreover, if the trial court determines to treat a motion to dismiss as a motion for summary judgment, as the court below apparently did, "it is the express duty of the trial court to * * * notify the parties thereof." *Id.* at 399.

While the law is unclear as to the precise manner by which to notify all parties, we find that the following journal entry in the instant case was not adequate notice of the court's intention to convert the motion to dismiss into a motion for summary judgment:

"Hearing on plaintiffs['] motion for preliminary injunction. Court to issue final judgment within 10 days."

The language in the above entry did not clearly notify the parties of a conversion to a motion for summary judgment. Rather, the entry could logically be interpreted to refer simply to a final judgment on the motion for a preliminary injunction since that was the subject of the hearing.

Since the language of Civ. R. 12(B) provides for consideration of matters outside the pleadings and permits treatment of the motion as a motion for summary judgment, the trial court must indicate clearly its intention in this regard. In all fairness, the record must reflect that the trial court furnished actual notice to the parties of the intended conversion to a summary judgment proceeding.

The omission of some clear form of notice was error, thus giving merit to the second assignment of error.

### III

The third assignment of error disputes the court's finding the Ordinance invalid. We will treat this error in light of our finding above that the court apparently issued summary judgment for appellees.

One of the appellees' major contentions was that the Ordinance changed the city's policy by denying sick leave benefits for sickness or injury sustained off the job. However, appellants maintained that even prior to enactment of the Ordinance

the city did not allow the use of sick leave for illness or injury arising out of non-city employment. Neither side submitted affidavits or documents to support its position. Hence, a genuine issue of fact remained which made the apparent grant of summary judgment improper.

Thus, the third assignment of error is well taken, based on the court's improper grant of summary judgment where there existed a genuine issue of fact.

Although the procedural error discussed in Section II above would normally warrant a remand, we see no need for further consideration of the motion for summary judgment. As we noted, a triable issue of fact is apparent. Accordingly, we reverse and remand for a trial on appellees' claims.

*Judgment reversed and cause remanded.*

PATTON, P.J., and HANNA, J., concur.

HANNA, J., of the Court of Common Pleas of Cuyahoga County, sitting by designation in the Eighth Appellate District.