CITY OF ENGLEWOOD, APPELLANT, *v.* CECRLE [D.B.A. GOLDEN EAGLE TRUCK PLAZA], APPELLEE, ET AL.

(No. 9140 — Decided April 25, 1985.)

*David Fuchsman,* for appellant.
*James R. Geisenfeld,* for appellee.

BROGAN, P.J. The events which bring the matter before the court began in 1975. Appellant, the city of Englewood, filed a civil action in the Montgomery County Court of Common Pleas against appellee, Frank J. Cecrle, d.b.a. Golden Eagle Truck Plaza. The suit alleged zoning violations committed by appellee. On September 19, 1975, an order was filed permanently restraining appellee from any further zoning violations.

The matter was brought before the court again in May 1978. Appellant filed a contempt motion against appellee for failing to obey the 1975 order. On July 31, 1980, appellant filed a supplemental complaint. By way of relief, appellant prayed that appellee be found in contempt for failing to obey the court order of 1975, and that the original order be enforced. Both motions are presently pending before the common pleas court.

On September 26, 1984, appellant filed two criminal complaints against appellee in the Vandalia Municipal Court. The complaints alleged that appellee was in violation of Sections 660.07, 660.14 and 1260.03 of the Codified Ordinances of Englewood. Appellee moved to quash the complaints alleging that the basis of the complaints concerned the identical subject matter still pending before the common pleas court, *i.e.,* zoning violations. Therefore, the common pleas court, having first acquired jurisdiction over the matter, has the right to adjudicate upon the whole issue and settle the rights of the parties to the exclu-

sion of other tribunals. The municipal court agreed and appellee's motion was sustained. This appeal followed.

Appellant argues that the case against appellee in the Montgomery County Court of Common Pleas and the case against appellee in the Vandalia Municipal Court are two separate causes of action. Thus, the commencement of the latter is not barred by the pendency of the former. In support thereof, appellant cites the following passage:

"When a crime also constitutes a private wrong, the right of the injured individual to bring a civil action to recover damages and the right of the State to prosecute and impose punishment for the crime are separate and independent remedies. Accordingly, the pendency or enforcement of, or the recovery in, one action may not be interposed as a defense in the other action." (Footnote omitted.) 1 Wharton's Criminal Law (14 Ed. 1978) 225, Civil or Criminal Action Pending, Section 44.

Although this court has been unable to unearth any Ohio law on this very issue, we believe the above statement to be applicable to the instant matter.

The rule of law advanced by appellee (and apparently relied on by the municipal court in dismissing the complaints) was aptly stated in *John Weenink & Sons Co.* v. *Court of Common Pleas of Cuyahoga County* (1948), 150 Ohio St. 349, at 355 [38 O.O. 189]:

"When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction is at liberty to interfere with its action. * * *" (Citation omitted.)

Appellee's reliance on *Weenink* is misplaced. As noted above, the issues before the common pleas court were disposed of by the latter court's 1975 order. The subsequent motions filed by appellant did not seek any additional relief. They merely requested enforcement of the original order. Accordingly, we fail to see how the criminal complaints lodged against appellee in municipal court interfere upon the matter presently pending in the court of common pleas.

The judgment of the Vandalia Municipal Court dismissing the complaints against appellee is hereby reversed.

*Judgment reversed.*

KERNS and WILSON, JJ., concur.