## Pollock v. Kanter
### *[Cite as 5 AOA 123]*

*Case No. 57212*
*Cuyahoga County, (8th)*
*Decided July 12, 1990*

*Harold Pollock, Harold Pollock Co., L.P.A., 1700 Terminal Tower, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Roger M. Synenberg, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., 1228 Euclid Avenue, Cleveland, Ohio 44115, Gerald Messerman, Gale S. Messerman, 1801*

*East 9th Street, 1525 Ohio Savings Plaza, Cleveland, Ohio 44114, for Defendants-Appellees.*

KRUPANSKY, P.J.

On April 26, 1988 plaintiff-appellant Harold Pollack, an attorney, filed a complaint in the Cuyahoga County Court of Common Pleas alleging malicious prosecution and fraud against defendant attorneys Frederick D. Kanter and David Linick; also naming in said complaint Diane Linick, the spouse of defendant David Linick. The trial court granted defendants-appellees' motions to dismiss pursuant to Civ. R. 12(B) (6) from which plaintiff-appellant timely appeals.

Relevant facts follow:

Plaintiff-appellant was retained in August 1986 to represent William Dolin, who is not a party to this action. Plaintiff-appellant avers that in connection with his representation of Dolin, he became convinced defendants-appellees were wrongfully withholding title to a property located at 4340 Orange Dale Road, Orange, Ohio, from Dolin who leased from the Linicks,[1] the owners of record. Plaintiff-appellant avers in his complaint that he was indicted for extortion by the Cuyahoga County Grand Jury on November 13, 1986 as a direct result of the defendants-appellees' instigation and request.[2] Defendants-appellees admit they forwarded a letter dated August 6, 1985, to the county prosecutor's office which plaintiff-appellant had sent to them. This letter, written by plaintiff-appellant, comprises the crux of the charges since it apparently contains some threats directed at defendants-appellees.

Plaintiff-appellant further alleges the indictment was wrongful based upon the intentional lies and malicious misrepresentations of defendants-appellees constituting fraud. Plaintiff-appellant alleges the indictment was nolled in May, 1987 indicating he was completely exonerated. Plaintiff-appellant also alleges he was arrested and subjected to fingerprinting as a common criminal without probable cause, he sustained serious physical, mental and emotional injury, damage to reputation and he also suffered damages for expenses incurred in defending himself. In addition, plaintiff-appellant alleges defendants-appellees perpetrated a fraud upon plaintiff-appellant by misrepresentation of facts to the Cuyahoga County Grand Jury.

Defendants-appellees filed motions with the court pursuant to Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted. Attached to each Civ. R. 12(B)(6) motion was the following:

(1) the letter plaintiff-appellant wrote to defendant-appellee Linick on August 6, 1985;[3]

2) a letter defendant-appellee Kanter sent to the prosecutor dated October 15, 1986 with an affidavit of defendant-appellee Kanter swearing its contents to be accurate;

(3) the lease plaintiff-appellant's client Dolin signed and an addendum to lease; and

(4) copy of two purchase agreements: (a) purchase agreement from Stella Dingus to Ellen Rosen and (b) purchase agreement from Ellen Rosen to the Linicks

(5) the mortgage deed to the Orange residence in the name of the Linicks

(6) a letter from David Linick to the Dolins and signed by them confirming the residential purchase and

(7) a settlement agreement between the Dolins and Linicks purporting to release each other from all claims and continue rental payments from the Dolins to the Linicks.

The affidavit of defendant-appellee Kanter sworn to by him and signed July 6th 1988, and included with defendants-appellees' motions, avers the truth and accuracy of only the letter Kanter transmitted to the Cuyahoga County Prosecutor "with the appropriate attachments."

Based on the above motions, the trial court dismissed the plaintiff-appellant's complaint for failure to state a claim upon which relief can be granted.

Plaintiff-appellant's five assignments of error follow:

"I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S CLAIM FOR MALICIOUS PROSECUTION WHERE PLAINTIFF-APPELLANT, AN ATTORNEY-AT-LAW, COULD NOT HAVE BEEN LEGALLY CHARGED WITH THE CRIME OF EXTORTION FOR ALLEGEDLY MAKING THREATS OF CRIMINAL PROSECUTION IN CONNECTION WITH HIS REPRESENTATION OF A CLIENT ON A JUSTIFIABLE CIVIL CLAIM WHERE THERE HAD BEEN TORTIOUS CONDUCT BY THE ALLEGED EXTORTION VICTIMS WHICH MAY HAVE ALSO CONSTITUTED A CRIME.

"II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES' MOTIONS TO DISMISS THE COMPLAINT WHERE THE

QUESTION OF WHETHER PROBABLE CAUSE EXISTED FOR THE INDICTMENT OF PLAINTIFF-APPELLANT WAS AN EVIDENTIARY ISSUE REQUIRING THE ESTABLISHMENT THROUGH EVIDENCE AND TESTIMONY OF ALL FACTS ADMITTED BY OR KNOWN TO THE ALLEGED EXTORTION VICTIMS AT THE TIME THE ALLEGED ACT OF EXTORTION OCCURRED, WITH THE EXISTENCE OR LACK OF PROBABLE CAUSE BEING AN ISSUE OF FACT FOR A JURY TO DETERMINE.

"III. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S CLAIM FOR MALICIOUS PROSECUTION WHERE IT WAS CLEAR FROM THE FACTS PRESENTED TO THE TRIAL COURT THAT THE CONDUCT OF PLAINTIFF-APPELLANT COULD NOT HAVE CONSTITUTED THE CRIME OF EXTORTION AS THE ELEMENTS OF THE CRIME OF EXTORTION WERE NOT PRESENT.

"IV. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S CLAIM FOR FRAUD AGAINST DEFENDANT-APPELLEES FOR THE REASON THAT A VALID CAUSE OF ACTION IN FRAUD HAD BEEN STATED IN PLAINTIFF APPELLANT'S COMPLAINT.

"V. THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT OF PLAINTIFF-APPELLANT PURSUANT TO RULE 12(B)6 AS THE COMPLAINT OF PLAINTIFF-APPELLANT STATED A CLAIM UPON WHICH RELIEF COULD BE GRANTED."

Plaintiff-appellant's assignments of error one, two, three and five are meritorious.

### MALICIOUS PROSECUTION

Plaintiff-appellant argues the following:

"(1) defendants-appellees instituted the indictment against him out of malice and fraud;

"(2) defendants-appellees did so without probable cause;

"(3) plaintiff-appellant's time spent to defend himself constituted a seizure of property and his arraignment and fingerprinting constituted an arrest and seizure of his person;

"(4) the dismissal of the indictment was a termination in plaintiff-appellant's favor."

Plaintiff-appellant's argument is persuasive.

Civ. R. 12(B)(6) provides for dismissal of a complaint where the pleader fails to state a claim upon which relief can be granted. However, when a motion to dismiss under Civ. R. 12(B) (6) is founded on matters outside the pleadings, the trial court is obligated "to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56."[4] *Carter v. Stanton* (1972), 405 U.S. 669, 671. In this event, the rule plainly states, "[a]ll parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Civ. R. 12(B)(6).

Civ. R. 56 specifies the evidence that may be presented to the trial court:

"*** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.* ***" (Emphasis added.)

What constitutes "reasonable opportunity" has been defined in a line of federal court decisions. See e.g., *Dale v. Hahn (1971)*, 440 F. 2d 633. Federal Rule 12(b)(6) is the same as and *a* the counterpart to Ohio Civ. R. 12(B)(6). In 1982, this precise issue of reasonable notice was decided in Ohio in *Fraternal Order of Police v. D'Amico* (1982), 4 Ohio App. 3d 15 which states as follows:

"Further, the Fourth Circuit addressed this issue in *Davis v. Zahradnick* (C.A. 4, 1979), 600 F.2d 458, and concluded:
"The term 'reasonable opportunity' in Rule 12(b) embraces the requirement that the court give some notice to all parties that it is treating the 12(b) (6) motion as one for summary judgment." *Plante v. Shivar,* 540 F.2d 1233, 1235 (4th) Cir. 1976); *Johnson v. RAC Corp.,* 491 F.2d 510, 513-14 (4th) Cir. 1974); C. Wright & A. Miller, Federal Practice and Procedure 1366 at 683 (1969)." *Id.* at 460.

The record *sub judice* reveals that defendants-appellees' motions to dismiss did attach a suitable affidavit with their motions for dismissal to allow the trial court to construe the dismissal as a summary judgment motion. The trial court failed to indicate as follows:
(1) whether the affidavit was considered;

(2) whether the trial court treated the 12(B) (6) motion as a Civ. R. 56 motion for summary judgment; and

(3) whether actual notice of conversion was given by the trial court to the parties that it would treat the 12(B)(6) motion to dismiss as one for summary judgment.

The two separate judgment entries of January 10, 1989 simply entered each defendant's name but each stated; "Motion to Dismiss is granted." Clearly there is no notice to the parties of any intent to treat the motions to dismiss as motions for summary judgment. See *D'Amico, supra* at 17. In fairness to the parties, the trial court must indicate its intention to treat a motion for dismissal as a motion for summary judgment and give *actual notice* to the parties of its intent so they may respond appropriately. If, in fact, the trial court considered the material attached to the 12(B)(6) motion, the omission of notice was procedural error and warrants reversal. *Davis v. Zahradnick, supra; D'Amico, supra.*

However, assume *arguendo* the trial court did not consider the matters outside the pleadings, i.e., the affidavit and assorted documents attached to the 12(B)(6) motion, the issue then arises, was plaintiff-appellant's complaint alone sufficient to withstand a motion for dismissal?

The Ohio Supreme Court held in *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St. 2d 242, as follows:

"for a court to dismiss a complaint for failing to state a claim upon which relief can be granted, it must appear beyond a doubt that the allegations in the complaint can prove *no set of facts,* which when construed most favorably to the plaintiff-appellant would entitle him to relief. *Zuber v. Ohio Dept. of Insurance* (1986), 34 Ohio App. 3d 42, 44. We must presume the truth of any factual allegations made by the plaintiff-appellant in his complaint." *Clermont Environmental Reclamation Co. v. Hancock* (1984), 16 Ohio App. 3d 9, citing *Royce v. Smith* (1981), 68 Ohio St. 2d 106, 108; *State, ex rel. Alford v. Willoughby* (1979), 58 Ohio St. 2d 221.

The Ohio Supreme Court reaffirmed the validity of the four elements necessary to establish a claim for malicious prosecution in *Crawford v. Euclid National Bank* (1985), 19 Ohio St. 3d 135, 139; *Kelly v. Whiting* (1985), 17 Ohio St. 3d 91, 94, *cert. denied* 474 U.S. 1008.

In order to sustain a cause of action or withstand summary judgment of a malicious prosecution claim in Ohio, four essential elements must be alleged by any plaintiff:

"(1) malicious institution of prior proceedings against the plaintiff by defendant. *Woodruff v. Paschen* (1922), 105 Ohio St. 396;

"(2) lack of probable cause for the filing of the prior lawsuit, *Melanowski v. Judy* (1921), 102 Ohio St. 153;

"(3) termination of the prior proceedings in plaintiff's favor, *Levering v. National Bank* (1912), 87 Ohio St. 117; and

"(4) seizure of plaintiff's person or property during the course of the prior proceedings." *Cincinnati Daily Tribune v. Bruck* (1900), 6761 Ohio St. 489. *Crawford, supra* at 139.

While the fact that an indictment issued raises a presumption that probable cause existed, that presumption is rebuttable. *Adamson v. May Co.* (1982), 8 Ohio App. 3d 266; *Epling v. Express Co.* (1977), 55 Ohio App. 2d 59; *Prince v. City of Shaker Heights* (April 20, 1989), Cuyahoga App. No. 54397, unreported. Plaintiff-appellant's allegation that the indictment was secured by false or perjured testimony is sufficient to infer malice or lack of probable cause. *Adamson, supra.*

Bearing in mind that Civ. R. 8(A)(1) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," the plaintiff-appellant's complaint must be analyzed with the elements of the tort of malicious prosecution in mind. *Border City Savings & Loan Assn. v. Moan* (1984), 15 Ohio St. 3d 65. In the case *sub judice,* plaintiff-appellant's complaint alleges that defendants-appellees "based upon the affirmative misrepresentations and the misrepresentations by omission of the Defendants *** caused the Cuyahoga County Grand Jury to issue an indictment against Plaintiff for extortion, without probable cause, and upon the perjured testimony of Defendants." (Plaintiff's complaint, paragraph 12).

Plaintiff-appellant further alleges he was fingerprinted and "deprived of his personal liberty, in accordance with the usual practice upon the arrest of a common criminal ***." (Plaintiff's complaint, paragraph 13.) Plaintiff-appellant also alleges his time spent defending this claim constitutes a seizure of his property.[5] Plaintiff-appellant asserts the indictment was nolled by the prosecutor's office, hence, the proceeding begun by defendants-appellees terminated in plaintiff-appellant's favor.

Where a pleading ties a party's actions to the elements of a claim but fails to state in detail the facts underlying the claim, that pleading has not failed to "state a claim upon which relief can be

granted," pursuant to Civ. R. 12(B) (6). *Clermont, supra* at syllabus three.

Assuming the truth of the allegations in the complaint, as we must, the facts as alleged by the pleader are sufficient to state a claim of malicious prosecution. The trial improperly dismissed plaintiff-appellant's claim based on Civ. R. 12(B)(6). Furthermore, if the trial court chose to treat the motion for dismissal as one for summary judgment pursuant to Civ. R. 56, the court was required to give actual notice to the parties. Absent notice, the cause must be remanded on procedural grounds. *Davis v. Zahradnick, supra; D'Amico, supra.* Pursuant to either theory, the cause must be reversed and remanded.

Accordingly, plaintiff-appellant's assignments of error one, two, three and five are well taken and sustained.

### FRAUD

Plaintiff-appellant's second cause of action, and fourth assignment of error, alleges fraud against defendants-appellees. The elements of an action in fraud follow:

"(a) a representation or, where there is a duty to disclose, concealment of a fact,

"(b) which is material to the transaction at hand,

"(c) made with falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

"(d) with the intent of misleading another into relying upon it,

"(e) justifiable reliance upon the representation or concealment, and

"(f) a resulting injury proximately caused by the reliance." *Gaines v. Preterm-Cleveland. Inc.* (1987), 33 Ohio St. 3d 54, 55; *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St. 3d 69.

Plaintiff-appellant's complaint for fraud follows in its entirety with exception of the damages pleaded:

"26. Plaintiff alleges that the conduct of Defendants herein in affirmatively misrepresenting salient facts concerning to (*sic*) the purchase and ownership of the real property located at 4340 Orange Dale Road, Orange, Ohio to the Cuyahoga County Prosecutor's Office and the Cuyahoga County Grand Jury, and concealing information pertaining to such transaction which was incriminatory of Defendant's herein and exculpatory of Plaintiff, constituted a clear fraud upon the rights of Plaintiff.

"27. Plaintiff further alleges that the indictment of Plaintiff was procured by Defendants by reason of the perpetration of the fraud upon Plaintiff and the Cuyahoga County Prosecutor's Office the Cuyahoga County Grand Jury [*sic*]."

A review of plaintiff-appellant's complaint reveals no allegation against defendants-appellees sufficient to sustain the elements required in pleading fraud. Civ. R. 9(B) requires particularity in pleading a fraud claim which means:

"(1) specific statements claimed to be false;

"(2) the time and place the statements were made; and

"(3) which defendant made the false statements." *Kordi v. Minot* (1987), 40 Ohio App. 3d 1.

Plaintiff-appellant's pleading of fraud is merely a reiteration of his charge of malicious prosecution against defendants-appellees in which plaintiff-appellant avers defendants-appellees lied to the grand jury. Accordingly, the trial court's dismissal of the fraud charge is appropriate under 12(B)(6).

In addition, Diane Linick should not be dismissed as a party since a review of the complaint reveals plaintiff-appellant avers Diane Linick "approved" or "ratified" defendants-appellees' conduct "for whom Defendants' Kanter and David M. Linick acted as agents."

Accordingly plaintiff-appellant's assignments of error pleading malicious prosecution are sustained, whereas the assignment of error pleading fraud is overruled.

Judgment reversed in part and remanded in part for further proceedings consistent with this opinion.

This cause is reversed in part and remanded in part to the lower court for further proceedings consistent with this opinion.

It is, therefore, considered that said appellant(s) recover of said appellee(s) costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

*Reversed in part,*
*affirmed in part,*
*cause remanded.*

FORD, J., concurs.

PRYATEL, J., concurs in judgment only.

Sitting by Assignment, Judge August Pryatel, Retired, Eighth Appellate District, Judge Robert B. Ford, Retired, Geauga County Common Pleas Court.

[1] The wife of attorney Linick, Diane Linick, is named in this suit based on the fact plaintiff-appellant felt she "approved" or "ratified" defendants-appellees' conduct and that defendants-appellees Kanter and her husband, David Linick, acted as her agents. See complaint para. 23.

[2] Plaintiff-appellant submitted to this court neither a copy of the indictment issued by the Cuyahoga County prosecutor's office allegedly for extortion, nor did plaintiff-appellant supply the apparent nolling of the charge in May, 1987 by the prosecutor's office of said indictment.

[3] Defendants-appellees contend the date on this letter is incorrect. The correct date is August 6, 1986.

[4] Civ. R. 56 states in pertinent part:

"*** When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such motion by Rule 56."

[5] This contention has no merit since time spent defending a claim will not suffice as a seizure of property. *Perry v. Arsham* (1956), 101 Ohio App. 285, 287.