CITY OF WESTLAKE, Appellee,

v.

RICE, Appellant.*

[Cite as *Westlake v. Rice* (1995), 100 Ohio App.3d 438.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66807.

Decided Feb. 10, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 72 Ohio St.3d 1547, 650 N.E.2d 1367.

*Richard G. Lillie,* for appellee.
*Crede Calhoun,* for appellant.

---

NUGENT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Cuyahoga County in an action brought by the plaintiff-appellee, the city of Westlake, against defendant-appellant, Brian Rice. The city sought a permanent injunction against Rice to require him to remove a fence on his property which was in violation of the city's Zoning Code. With hearing being waived, and with the evidence stipulated, the trial court rendered judgment in favor of the city,

ordering Rice to remove the fence or, in the alternative, granting the city the right to enter Rice's property to remove the fence at Rice's expense. Rice now appeals from this judgment, assigning as error the following:

"The trial court erred in granting plaintiff's claim for relief. Plaintiff's claim was barred by reason of plaintiff's failure to state it as a counterclaim in a prior action as required by Civ.R. 13(A), inasmuch as plaintiff's claim arose out of the same transaction and occurrence which was the subject matter of the claim made by defendant, as plaintiff, in such prior action."

The record reveals that on November 14, 1985, the city's Building Department had issued a citation to Rice for violating Section 1211.04 of the city's code, which disallows front yard fences which exceed certain height and boundary requirements. Rice appealed to the Westlake Board of Zoning Appeals, which on February 25, 1986, found that the fence was in violation of the city's Zoning Code. The board also refused to grant Rice a variance to retain the fence. Rice did not take any further appeals from this ruling of the board.

On September 30, 1986, Rice appeared a second time before the board, again arguing that his fence was in compliance with the city's Zoning Code. Alternatively, Rice sought a variance to maintain the fence. After a hearing, the board found the fence to be in violation of the city's Zoning Code. The board also denied Rice's request for a variance.

On October 9, 1986, Rice filed an administrative appeal in the Cuyahoga County Court of Common Pleas (case No. 117,664), challenging the September 1986 finding of the board that his fence was in violation of the city's Zoning Code and further challenging the board's refusal to grant him a variance to retain the fence. On May 4, 1987, the trial court dismissed Rice's administrative appeal in case No. 117,664, pursuant to Civ.R. 41(B), for failure to prosecute.

One month later, on June 18, 1987, Rice filed a complaint in the Cuyahoga County Court of Common Pleas for declaratory judgment and injunctive relief against the city (case No. 131,261), alleging two claims. The first claim alleged that the fence conformed to the city's Zoning Code. The second claim alleged that the city had enforced its zoning code discriminatorily. By way of relief, Rice prayed for the following: (1) that the fence be declared a permitted use under the zoning code, (2) that the city's unequal enforcement be declared violative of his constitutional rights, (3) that the defendant be enjoined from interfering with the fence, and (4) that he be granted any other relief as warranted by the facts.

The city filed a motion to dismiss case No. 131,261, arguing that the claims raised in the complaint were barred by the doctrine of *res judicata* due to the dismissal for a failure to prosecute of Rice's administrative appeal in case No.

117,664.[1]  The trial court granted the city's motion to dismiss.  On appeal, this court affirmed the decision of the court of common pleas.  *Rice v. Westlake* (June 15, 1989), Cuyahoga App. No. 55424, unreported, 1989 WL 65677.

On July 30, 1992, the city initiated the case *sub judice* against Rice, seeking to enjoin him from maintaining the offending fence on his property.  Rice filed a motion to dismiss on the basis that he believed the city was barred from enjoining the zoning violations on the grounds of *res judicata* based on case No. 131,261.  The trial court determined, as a matter of law, that the judgment rendered in case No. 131,261 was not determinative of the issues raised in the case *sub judice* and thus denied Rice's motion to dismiss.  The trial court subsequently entered judgment in favor of the city, ordering Rice to remove the fence or, in the alternative, granting the city the right to enter Rice's property to remove the fence at Rice's expense.  It is from this judgment that Rice now appeals.

██  Rice maintains that case No. 131,261 is *res judicata* of the case *sub judice* since, pursuant to Civ.R. 13(A), the city's claim for injunctive relief under R.C. 713.13 should have been made in case No. 131,261 but was not.[2]  The city, contrarily, contends that Rice is attempting to use *res judicata* as a means to avoid removing a fence which is in violation of its Zoning Code and that R.C. 713.13 grants municipal corporations the power to bring a suit for injunctive relief to terminate a zoning violation.

Civ.R. 13(A) governs compulsory counterclaims and provides as follows:

"(A) Compulsory Counterclaims.  A pleading shall state as a counterclaim any claim which at the time of the serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

██  A counterclaim which arises out of the same transaction or occurrence that is the subject matter of the claim of the opposing party is compulsory, while a counterclaim whose roots lie in a separate transaction or occurrence is permissive.  A compulsory counterclaim characteristically must be asserted in the pending case, for failure to do so will result in its being barred in any

---

1.  Pursuant to Civ.R. 41(B), a dismissal for a failure to prosecute operates as an adjudication upon the merits, unless the court, in its order for dismissal, otherwise specifies.

2.  In this case, Rice objected to the complaint *sub judice* by filing a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim for which relief can be granted, contending that the action was barred by the doctrine of *res judicata*.  And although the affirmative defense of *res judicata* may not ordinarily be the basis of a Civ.R. 12(B)(6) motion, see *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 482, 597 N.E.2d 1137, 1139; *Toledo v. Thomas* (1989), 60 Ohio App.3d 42, 572 N.E.2d 867, the city failed to object, thus waiving the issue.

subsequent action as *res judicata. Osborn Co. v. Ohio Dept. of Adm. Serv.* (1992), 80 Ohio App.3d 205, 209–210, 608 N.E.2d 1149, 1151–1152; *Interstate Steel Erectors, Inc. v. H & L Wolff, Inc.* (1984), 17 Ohio App.3d 173, 17 OBR 304, 478 N.E.2d 245; *Broadway Mgt., Inc. v. Godale* (1977), 55 Ohio App.2d 49, 9 O.O.3d 208, 378 N.E.2d 1072. The purpose of this judicially established doctrine of *res judicata* is to avoid a multiplicity of lawsuits arising out of the same subject matter. *Sharkin v. Tartaglia* (Aug. 4, 1988), Cuyahoga App. No. 55101, unreported, 1988 WL 87520. The doctrine of *res judicata* should not, however, be used to do violence to the ideal of attaining justice when the objective of bringing a controversy to a close is not reasonably served thereby. *Bench Billboard Co. v. Dayton* (Apr. 10, 1992), Montgomery App. No. 13015, unreported, 1992 WL 80772.

The city maintains that the trial court correctly determined that the doctrine of *res judicata* should not be construed so as to paralyze its general police powers under R.C. 713.13, which clearly allows the city to bring a suit for injunctive relief to terminate a zoning violation, especially in light of the fact that the doctrine of *res judicata* would not prohibit the city from pursuing future criminal action against Rice, see *Englewood v. Cecrle* (1985), 22 Ohio App.3d 151, 22 OBR 392, 489 N.E.2d 1320, or from issuing him a new citation for a continuing violation of Section 1211.04. See Westlake Codified Ordinances 1231.99.[3] We agree.

R.C. 713.13 provides as follows:

"No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, *in addition to any other remedies provided by law, may institute a suit for permanent injunction to prevent or terminate such a violation.*" (Emphasis added.)

In *Johnson v. United Enterprises, Inc.* (1957), 166 Ohio St. 149, 1 O.O.2d 402, 140 N.E.2d 407, the Ohio Supreme Court, focusing on the above highlighted

---

**3.** Westlake Codified Ordinances 1231.99 provides as follows:
"PENALTY. Except as provided in Chapter 1223, any person, firm or corporation violating any of the provisions of this Zoning Code, or failing to comply therewith, shall, for each and every violation, be fined not more than five hundred dollars ($500.00). A separate offense shall be deemed committed on each day such violation continues.
"* * *
"The City may institute injunction proceedings in any court of competent jurisdiction to prevent or terminate any violation of this Zoning Code."

portion of R.C. 713.13, determined that R.C. 713.13 is a "special statute," which authorizes a municipality to bring an independent action to enjoin a zoning violation regardless of whether other remedies are available to the municipality. Specifically at issue in *Johnson* was whether the city was precluded from bringing an action to enjoin a zoning violation under R.C. 713.13 as the city failed to file a direct appeal under R.C. Chapter 2505 from the adverse decision of the board of zoning appeals. In finding against the property owner, the court explained as follows:

"It has many times been held by this court that a special statutory provision which applies to specific subject matter constitutes an exception to a general statutory provision covering other subject matter as well as the specific subject matter.

"We are of the opinion that, since Section 2505.03 provides for an appeal * * * from a final order of any administrative tribunal, unless otherwise provided by law, and since Section 713.13, Revised Code, is a provision of law, otherwise provided, with reference to the erection of a building in violation of a zoning ordinance, and since such section is a special statute covering the particular situation with which the present case is concerned and, therefore, applicable over any general statute, plaintiffs are entitled to proceed thereunder [citations omitted]." *Johnson*, 166 Ohio St. at 153–154, 1 O.O.2d at 404–405, 140 N.E.2d at 410–411.

Similarly, in the case *sub judice*, we are of the opinion that the specific provisions of R.C. 713.13, which authorize a municipal corporation to seek an injunction to terminate a zoning violation "in addition to any other remedies provided by law," prevail over the general dictates of Civ.R. 13 regarding compulsory counterclaims. It seems apparent from R.C. 713.13's expansive grant of authority to municipal corporations to institute a suit for injunction to terminate a zoning violation, in addition to any other remedies provided to it by law, that the General Assembly was desirous of assuring that municipal corporations had clear authority to take action deemed necessary to protect the health, safety, or general welfare of its citizenry, regardless of whether the municipal corporation had or has other avenues of relief. Thus, we agree with the decision of the trial court that the case *sub judice* was not barred by *res judicata* based on case No. 131,261, as R.C. 713.13 enabled the city to file a separate action for an injunction to terminate the zoning violation.

Accordingly, Rice's sole assignment of error is found to be without merit and is hereby overruled.

*Judgment affirmed.*

NAHRA, C.J., and PARRINO, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.