OPINION
Plaintiff-appellant Larry G. Skiles, Jr., appeals from the dismissal of his petition for a domestic violence civil protection order on the ground that Skiles was obligated to raise his claim as a compulsory counterclaim pursuant to Civ.R. 13(A) in an earlier action brought against him by defendant-appellee Rhonda L. Dearth, wherein Dearth sought and received a civil protection order against Skiles. Skiles argues that the compulsory counterclaim rule found in Civ.R. 13(A) is "clearly inapplicable" to proceedings involving petitions for civil protection orders brought pursuant to R.C. 3113.31.
We conclude that the compulsory counterclaim rule is clearly inapplicable to proceedings involving petitions for civil protection orders where the trial court has issued an ex parte order at the petitioner's request, because the issuance of an ex parte order in an R.C. 3113.31 proceeding substantially reduces the amount of time that the respondent has to file an answer and counterclaim. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for proceedings consistent with this opinion.
 I
On December 6, 1999, Dearth filed a petition for a domestic violence civil protection order against her former live-in companion, Skiles. In her petition, Dearth alleged that in October, 1999, Skiles struck her in the face, and that in November, 1999, Skiles struck her in the face again, this time, breaking her nose and blackening her eye. An order was issued that same day granting Dearth an ex parte civil protection order against Skiles. Skiles was eventually served with the petition on February 1, 2000. He filed an answer the next day. An evidentiary hearing was held on February 7, 2000. Following the hearing, the trial court issued a final civil protection order in favor of Dearth, requiring, among other things, that Skiles stay 500 feet away from Dearth, and that Skiles not initiate any contact with Dearth by telephone, fax, e-mail, or voice mail. Skiles filed no appeal from that order.
On March 23, 2000, Skiles filed a petition for a domestic violence civil protection order against Dearth. Skiles alleged that in October, 1999, Dearth struck him in the face and leg. Skiles also alleged that Dearth harassed him by driving around his office, residence, and "other properties," and by "calling [him] until February 2000." Dearth moved to dismiss Skiles' petition, arguing that Skiles should have raised this claim in the previous action between the parties, and that since he did not, his claim should be barred either under the doctrine of resjudicata, or on the ground that he failed to comply with the compulsory counterclaim rule set forth in Civ.R. 13(A). On April 19, 2000, the trial court issued an entry sustaining Dearth's motion to dismiss Skiles' petition, apparently finding merit with both of her arguments.
Skiles appeals from the trial court's April 19th entry.
 II
Skiles' sole assignment of error states:
 THE TRIAL COURT ERRED IN FINDING THAT A PETITION FOR A CIVIL PROTECTION ORDER IS SUBJECT TO CIVIL RULE 13(A) FOR COMPULSORY COUNTERCLAIMS.
Skiles argues that the trial court erred in dismissing his petition for a civil protection order upon the ground that he had failed to raise it as a counterclaim as required under Civ.R. 13(A), because, pursuant to Civ.R. 1(C), the compulsory counterclaim rule is "clearly inapplicable" to proceedings governing petitions for civil protection orders.
R.C. 3113.31 sets forth a procedure for allowing one family or household member to seek a civil protection order against another who commits an act of domestic violence against them. R.C. 3113.31(G) provides in relevant part that "[a]ny proceeding under this section shall be conducted in accordance with the [Ohio] Rules of Civil Procedure[.]" Civ.R. 1(C) lists a number of actions in which the Ohio Rules of Civil Procedure shall not apply, "to the extent that they would by their nature be clearly inapplicable," including "special statutory proceedings." Civ.R. 1(C)(7). While the Ohio Rules of Civil Procedure do not apply to non-adversarial, special statutory proceedings, they do apply to special statutory proceedings that are adversarial in nature, "unless there is a good and sufficient reason not to apply the rules." Staff Note to the 1971 Amendment to Civ.R. 1(C). The procedure for obtaining a civil protection order outlined in R.C. 3113.31 constitutes a special statutory proceeding that is adversarial in nature; therefore, the proceeding will be governed by the Ohio Rules of Civil Procedure unless there is a good and sufficient reason not to apply them.
Civ.R.13(A) states in relevant part:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
A claim is a compulsory counterclaim where it: (1) existed at the time the pleading in the original action was served; and (2) arises out of the transaction or occurrence that is the subject matter of the opposing claim. Rettig Enterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274,277, citing Geauga Truck Implement Co. v. Juskiewicz (1984),9 Ohio St.3d 12, 14. Generally, a party who fails to assert a compulsory counterclaim in an action when required to do so under Civ.R. 13(A) is barred from asserting the claim in a subsequent action by the doctrine ofres judicata. Geauga Truck Implement Co. v. Juskiewicz, supra; Westlakev. Rice (1995), 100 Ohio App.3d 438, 442. However, it has been held in the context of Civ.R. 13(A) that "[t]he doctrine of res judicata should not * * * be used to do violence to the ideal of attaining justice when the objective of bringing a controversy to a close is not reasonably served thereby." Westlake v. Rice, supra. Because Ohio courts characterize the failure to comply with Civ.R. 13(A) as generating a resjudicata bar, the failure to comply with Civ.R. 13(A) constitutes an affirmative defense that should be raised in a responsive pleading like an answer, rather than in a Civ.R. 12(B)(6) motion to dismiss, since the validity of an affirmative defense cannot be determined by looking solely at the complaint, as is required of a Civ.R. 12(B)(6) motion to dismiss. Klein Darling, Civil Practice (1997), 716 Sections 13-6 and 13-7;Indep. Ins. Agents of Ohio, Inc. v. Duryee (1994), 95 Ohio App.3d 7, 11.
Here, Dearth asserted in her motion to dismiss that Skiles' petition should be dismissed pursuant to Civ.R. 13(A) or the common law doctrine of res judicata. However, because Ohio courts characterize a party's failure to raise a compulsory counterclaim as generating a res judicata
bar, Dearth's alternative claim is redundant. See Id. Furthermore, if there is a good and sufficient reason not to apply Civ.R. 13(A) to proceedings involving civil protection orders, there is also a good and sufficient reason not to apply the doctrine of res judicata, which is not to be applied when it would subvert justice to do so. See Westlake v.Rice, supra.
Additionally, Civ.R. 12(B) requires that every defense to a claim for relief be asserted in a responsive pleading, which, in this case, would be an answer; it then lists seven exceptions, none of which include the affirmative defense of failing to raise a compulsory counterclaim. Dearth should have raised this defense in an answer, and then proven it in a motion for summary judgment. See, e.g., Indep. Ins. Agents of Ohio,Inc., supra. The trial court could have converted Dearth's motion to dismiss into a motion for summary judgment, but it would have been required to give Skiles actual notice of its intent to do so and an opportunity to respond. Pollock v. Kanter (1990), 68 Ohio App.3d 673,679. There is no indication that the trial court did that in this case. Nevertheless, the trial court did hold a hearing on Dearth's motion to dismiss on April 11, 2000; it does not appear from the record that Skiles ever objected to the trial court's decision to proceed as it did. In fact, Skiles did not even raise this issue on appeal. Accordingly, Skiles has waived any error made in this regard. Therefore, the question remaining before us is whether Civ.R. 13(A) is clearly inapplicable to R.C. 3113.31 proceedings to obtain a civil protection order.
Initially, if Civ.R. 13(A) is not "clearly inapplicable" to proceedings involving civil protection orders, then Skiles would have been obligated to file his claim as a compulsory counterclaim in his answer to Dearth's petition. Skiles' claims against Dearth were in existence at the time Dearth brought the original action, and they arose out of the transactions or occurrences that were the subject matter of Dearth's action. Rettig Enterprises, Inc., supra. Skiles, however, argues that Civ.R. 13(A) is clearly inapplicable to proceedings involving civil protection orders because: (1) the respondents in these actions do not have 28 days to prepare an answer and counterclaim, as they would in an ordinary civil action; and (2) in his case, the trial court issued an exparte order forbidding him to contact Dearth, thereby preventing him from engaging in any discovery in order to prepare a counterclaim against her.
In support of his argument, Skiles cites Haney v. Roberts (1998),130 Ohio App.3d 293. In Haney, a former tenant brought an action against her landlords for failing to maintain the premises. The landlords moved to dismiss the action on the grounds that, pursuant to Civ.R. 13(A) and the doctrine of res judicata, the tenant should have raised her claims in the landlords' prior action for forcible entry and detainer. The trial court sustained the landlords' motion and dismissed the tenant's action. The court of appeals reversed, holding that: (1) because of the summary nature of the forcible entry and detainer statutes and the non-summary nature of the compulsory counterclaim rule, Civ.R. 13(A) was clearly inapplicable to a forcible entry and detainer action in which the landlords merely sought possession of their premises; and (2) the decision in the landlords' prior action lacked res judicata effect because it had been dismissed on mootness grounds, and, in any event, the applicability of the doctrine of res judicata could not be decided on a Civ.R. 12(B) motion to dismiss.
One of the cases cited by the Haney court in its discussion of whether Civ.R. 13(A) is clearly inapplicable to forcible entry and detainer actions was its earlier decision in O'Connor v. Moore (Mar. 2, 1993), Adams App. No. 92 CA 525, unreported. In that case, the court held that Civ.R. 13(A) should not apply to small claims defendants because the summary nature of small claims actions deprive a defendant of the normal 28-day period for filing answers and counterclaims.
Dearth responds to these arguments by asserting that if Skiles needed additional time to bring a counterclaim in the original action, he could have sought a continuance pursuant to R.C. 3113.31(D)(2)(a). Dearth also asserts that Skiles had ample time to file a counterclaim in the original action, since she filed her petition on December 6, 1999, and the hearing on her petition was not held until February 7, 2000. Dearth argues that Skiles could not have been ignorant of the proceedings that had been brought against him during the two-month period it took to serve him with the petition given the facts that only one day after he was served, he filed an answer to her petition, and on the day of the hearing, he presented a motion in limine and was fully prepared to present a defense.
If an ex parte order were not issued in a R.C. 3113.31 proceeding, then Civ.R. 13(A) would not be "clearly inapplicable" to an action brought under that section, because in that circumstance, a respondent would have the full 28 days to respond with an answer and counterclaim, as provided for in the Civil Rules, since R.C.3113.31(D)(3) provides:
 If a person who files a petition pursuant to this section does not request an ex parte order, or if a person requests an ex parte order but the court does not issue an ex parte order after an ex parte hearing, the court shall proceed as in a normal civil action and grant a full hearing on the matter. (Emphasis added.)
However, when an ex parte order is issued in a R.C. 3113.31
proceeding, then a respondent will only have seven or ten days to file an answer and a counterclaim depending on the type of ex parte order issued. Pursuant to R.C. 3113.31(D)(1), when a petitioner requests an exparte order, the trial court must hold an ex parte hearing on that same day. If after holding the ex parte hearing, the trial court decides to issue an ex parte order set forth in R.C. 3113.31(E)(1)(a) through (h), the trial court must schedule a full hearing within seven or ten days of the ex parte hearing, depending on the type of ex parte order issued.[1]
Here, the trial court issued an ex parte order on December 6, 2000, the same day that Dearth filed her petition for a civil protection order. Because Skiles was not served with the order until February 1, 2000, a full hearing was not scheduled until February 7, 2000. Therefore, Skiles had only one-quarter of the time he would have had under the Civil Rules to compose an answer and counterclaim.
Furthermore, it would not have benefitted Skiles to request a continuance in order to file a counterclaim in the form of a cross-petition as Dearth asserts. R.C. 3113.31(E)(4) provides in relevant part:
 A court may not issue a protection order that requires a petitioner to do or to refrain from doing an act that the court may require a respondent to do or to refrain from doing under division (E)(1)(a), (b), (c), (d), (e), (g), or (h) of this section unless all of the following apply:
 (a) The respondent files a separate petition for a protection order in accordance with this section.
* * *
 (c) If the petitioner has requested an ex parte order pursuant to division (D) of this section, the court does not delay any hearing required by that division beyond the time specified in that division in order to consolidate the hearing with a hearing on the petition filed by the respondent.
Consequently, if Skiles had sought a continuance of the hearing on Dearth's petition in order to file a counterclaim in the form of a cross-petition, it would have significantly reduced the types of relief available to Skiles, since it would have prevented the trial court from issuing any of the orders set forth in R.C. 3113.31(E)(1)(a), (b), (c), (d), (e), (g), or (h). The only order the trial court would have been able to issue against Dearth on Skiles' behalf had he sought and received a continuance of the hearing would have been an order pursuant to R.C.3113.31(E)(1)(f), requiring Dearth to seek counseling.
Additionally, we are unpersuaded by Dearth's assertion that Skiles had ample time to file a counterclaim under the facts of this case. The facts that Skiles' attorney filed an answer the day after Skiles was served with Dearth's petition, that he filed a motion in limine on the day of the full hearing, and that he was prepared to defend on the day of the full hearing does not establish even by a preponderance of the evidence that Skiles had foreknowledge of the petition; instead, these facts are as equally consistent with the view that Skiles' attorney engaged in sound lawyering, given the time constraints imposed upon him by R.C.3113.31(D)(2)(a). The circumstances cited by Dearth do not alter the fact that Skiles had significantly less time to formulate a counterclaim in this proceeding than he would have had in a normal civil action.
In light of the foregoing, we conclude that the counterclaim rule of Civ.R. 13(A) is clearly inapplicable to a petition for a domestic violence civil protection order brought pursuant to R.C. 3113.31 where the trial court has issued an ex parte order in the proceeding, thereby significantly reducing the amount of time that the respondent has to file an answer and counterclaim.
As a final note, although we do not understand Dearth to be arguing this point, there is nothing inconsistent about one domestic partner obtaining a domestic violence civil protection order after the other has already obtained one. The target of domestic violence is not required to have "clean hands" in order to obtain relief under the statute, which we understand to contemplate that each partner may be the subject of the other's threatened violence, and therefore entitled to relief. Furthermore, if Dearth were correct in her reliance upon the compulsory counterclaim requirement in Civ.R. 13(A), Skiles' claim would be barred even if the trial judge who had heard Dearth's prior petition for a domestic violence civil protection order had concluded, after listening to the evidence, that Dearth was entirely at fault in the matter, and that all the violence in the relationship was solely attributable to her. Even in that case, under Dearth's reasoning, Skiles would not thereafter be entitled to a domestic violence civil protection order because he would have failed to have filed a counterclaim in response to Dearth's petition. We can envision situations where the abusive partner, with superior financial and legal resources, might take advantage of the compulsory counterclaim rule cited by Dearth to launch a pre-emptive strike, filing for an ex parte domestic violence civil protection order, with the result that the abused partner, having limited financial and legal resources and, consequently, not filing a timely counterclaim, might become barred from seeking similar relief, at least until some new abuse were to occur justifying the relief. This suggests to us that it is undesirable to impose the compulsory counterclaim rule in domestic violence ex parte civil protection order proceedings, in which the normal time frames are severely expedited.
Skiles' sole assignment of error is sustained.
 III
Skiles' sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 _________________ FAIN, J.,
GRADY, P.J., and BROGAN, J., concur.
[1] If the trial court issues an ex parte order pursuant to R.C.3113.31(E)(1)(b) or (c), the trial court must schedule a full hearing within seven days of the ex parte hearing; if the trial court issues any other type of ex parte order authorized under R.C. 3113.31(E), the trial court must schedule a full hearing within ten days of the ex parte
hearing. R.C. 3113.31(D)(2)(a). R.C. 3113.31(E)(1)(b) and (c), essentially permit the trial court to order the respondent to leave the premises where the petitioner or other family or household members reside. The other types of orders that a trial court may issue under R.C. 3113.31(E) range from directing the respondent to refrain from abusing a family or household member, R.C. 3113.31(E)(1)(a), to granting any other relief the trial court considers equitable and fair. R.C.3113.31(E)(1)(h).