OPINION.
The issue presented by this appeal is whether the trial court erred when it ordered the plaintiff-appellants, Darleen and Dareen Duskin, to reimburse the defendant-appellee, Allstate Insurance Co., the $1,000 in medical benefits they had each received under the medical-payment coverage of an Allstate insurance policy. The trial court's order stemmed from the request of Allstate after a jury had returned a verdict rejecting the Duskins' claim that an uninsured motorist had caused injuries that were compensable under the uninsured-motorist (UM) coverage of the policy. Although Allstate had not filed a counterclaim seeking to recover the monies paid under the medical-payment coverage, the trial court nonetheless ordered the return of the funds under the theory that the jury's verdict was "res judicata." We hold that the trial court's ruling was in error.
The following facts are undisputed, as they were either admitted in the answer of Allstate or uncontested by the parties at trial. The Duskins were passengers in an automobile driven by Stella Reed when a collision occurred with an uninsured motorist. Reed was insured under a liability policy with Allstate. The policy included medical-payment coverage and UM coverage. As passengers, the Duskins were insureds under Reed's policy. They made a claim against Allstate for bodily injuries resulting from the collision. Allstate paid the Duskins $1,000 each for their medical expenses under the policy's medical-payment coverage.
Subsequently, the Duskins filed a complaint for personal injuries in the court of common pleas against "John Doe" and Allstate in an effort to recover under the UM coverage of Reed's policy. The jury returned a general verdict for Allstate and, in response to a special interrogatory, found that John Doe's negligence was not the proximate cause of any injuries to either Dareen or Darleen Duskin. Upon request of Allstate, the trial court then ordered the Duskins to repay the company the $1,000 it had previously paid to each under the medical-payment coverage.
The Duskins have not appealed the jury's verdict in favor of Allstate on their claim for UM coverage under Reed's policy, but they have appealed the trial court's order to repay the $1,000 given to them by Allstate under the medical-payment coverage of the policy.
As noted, Allstate did not file a counterclaim to recover the medical payments. Pursuant to Civ.R. 13(A), a counterclaim that arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim is compulsory and must be pleaded. Westlake v. Rice (1995),100 Ohio App.3d 438, 441-442, 654 N.E.2d 181, 183. Obviously, claims for medical payments and personal injuries arising out of the same collision are the result of a single occurrence. Even if the trial court's actions on the day of trial are interpreted as a tacit grant of leave for Allstate to have filed a counterclaim pursuant to Civ.R.13(F), no such counterclaim was ever filed. Absent a counterclaim, the trial court had no authority to enter judgment against Dareen and Darleen Duskin for the sums already paid to them by Allstate under the medical-payment coverage of Reed's policy with Allstate.
Furthermore, the trial court's application of "res judicata" proceeded upon a fundamental misunderstanding of the doctrine. Res judicata
precludes a party from relitigating identical matters that have already been conclusively settled in a former suit. See Goodson v. McDonoughPower Equipment, Inc. (1983), 2 Ohio St.3d 193, 195, 443 N.E.2d 978,981. Similarly, the doctrine of collateral estoppel precludes a party, or a person in privity with a party, from relitigating identical issues
raised in a prior action. Id., paragraph one of the syllabus. In each instance, the doctrine works prospectively to preclude an attempt to relitigate that which has already been decided. Neither doctrine was intended to apply retrospectively, allowing a court to undo a prior settlement based upon later court action. Furthermore, although Reed's policy with Allstate is not in the record and was not tendered to the trial court for review, issue preclusion was not even a theoretical possibility, because standard insurance clauses for medical-payment and UM coverages do not present identical issues. Medical-payment coverage is primary insurance providing compensation for medical expenses from bodily injury in an automobile accident without regard to any fault of the tortfeasor. In contrast, UM coverage is secondary insurance affording compensation to persons injured by the negligent acts of uninsured motorists. The two provisions are independent of each other. See Shearerv. Motorists Mut. Ins. Co. (1978), 53 Ohio St.2d 1, 8, 371 N.E.2d 210,213.
The trial court apparently did not recognize that, as passengers, the Duskins were insureds under Reed's policy with Allstate and entitled to payment for medical expenses incurred as a result of the collision, independent of whether the accident fell under Reed's UM coverage. Apparently, the trial court mistakenly believed that if the uninsured motorist had not caused their injuries, they were not entitled to be compensated under the medical-payments coverage of Reed's policy with Allstate. This is simply not correct.
Finally, it should be noted that the parties' settlement agreement and the release of the claims for medical-payment coverage were not before the trial court and are not in the record. This deficiency, however, is not critical to our resolution of the issues. Even if Allstate's policy provided for subrogation with respect to compensation made under medical-payment coverage, any term providing for a setoff of the medical payments against the amount of the judgment under the UM coverage would be in derogation of the public policy set forth in R.C. 3937.18 and void as a matter of law. See Grange Mut. Cas. Co. v. Lindsey (1986),22 Ohio St.3d 153, 489 N.E.2d 281, syllabus. As there was no claim of fraud or lack of good faith in the settlement of the medical benefits, the parties were bound by that settlement. Accordingly, even had there been a counterclaim properly pending before the trial court, it would have been error for the trial court to have ordered the Duskins to repay Allstate the medical benefits that they had already obtained through an earlier, independent settlement.
Therefore, the judgment of the trial court is reversed, and final judgment is hereby entered for the plaintiffs-appellants.
Reversed and final judgment entered.
DOAN, P.J., and WINKLER, J., concur.